Cushing v. Dill.

---

Thomas H. Cushing, appellant, v. Abner Dill,
appellee.

*Appeal from Edgar.*

In an action against the defendant, for cutting trees, under the "*Act to prevent
trespassing by cutting Timber*," it is necessary to show that the act has been
wilfully violated, by proof that the defendant, in his own person, cut the trees,
or induced another person to do so, by his command or authority. It is not
sufficient to show that the trees were cut by persons employed by the defendant
to cut timber on his own land, and appropriated by them, to the use of the
defendant.

(1) Smith, Justice, was not present on the argument of this cause, and gave no
opinion.
(2) *Ante* 269.

*Semble,* That the remedy given by statute, for the cutting of trees, is in addition to the remedy by common law, and a recovery under the statute would not bar an action of trespass.

THIS cause was originally commenced before a justice of the peace, and removed by appeal, to the Edgar Circuit Court, where the cause was tried at the March term, 1840, before the Hon. Justin Harlan, without a jury, and judgment rendered for the plaintiff for $ 64, debt and costs. The defendant appealed to this Court.

CHARLES R. WELLS, for the appellant, cited 1 East 108 ; Saunderson *v.* Baker, 3 Wilson 309 ; 2 Roll's Abr. 555. 1 Chit. Plead. 208, 209 ; Bac. Abr. title *Master and Servant ;* 8 Wend. 474.

JOSEPH G. BOWMAN, for the appellee.

WILSON, Chief Justice, delivered the opinion of the Court :

In an action of *debt* by Dill against Cushing to recover the penalty given by the " *Act to prevent trespassing, by cutting Timber,*" (1) the testimony proved that the trees sued for were cut upon the land of Dill ; not, however, by Cushing in person, but by those employed by him to cut and hew timber ; that he directed them to cut the timber on his own land, and cautioned them against cutting timber on any other person's land, and after it was hewed, it was appropriated by the persons in his employ to his use. It does not appear that he showed the workmen the lines of his land, or designated it in any other manner.

Whether, under these circumstances, the cutting of the trees in question, by the hands in Cushing's employ, was the result of his employment and directions, by reason of his not having designated his land in such a manner as to enable the workmen to distinguish it from that of another, and whether he would not therefore be liable in another form of action, upon the principle that the master is liable for the acts of his servant, done in the execution of his master's orders, are questions which do not arise, in the investigation of this case, although counsel seem to regard the settlement of these points as deciding the case. This action is brought upon a penal statute, the object of which is to punish the wrong doer, as well as to recompense the injured individual. To subject any one, therefore, to the penalty of the act, it must be shown to have been wilfully violated, by proof that the party charged, committed the forbidden act himself, or caused another to do it by his command or authority. The statute gives the penalty against the actual trespasser only ; it would be a violation of legal principles, therefore, to extend it so as to embrace another by implication.

The liability arising from the relation of master and servant, is

(1) R. L. 602; Gale's Stat. 679.

founded in policy, but the implication of authority in the servant, that would render the master liable in many cases in a civil suit, would not be sufficient to convict him in a criminal or penal prosecution. The maxim, *qui facit per alium, facit per se,* would be strictly applicable in an action of trespass against Cushing, but in this prosecution he is liable only for his personal acts, or such acts of his workmen or servants as are proved to have been done by his express, or at least, necessarily implied, authority.

There is no proof of such acts, or such authority having been given by Cushing, to those who committed the trespass ; he cannot, therefore, be considered liable under the statute.

Although Dill cannot recover in this action, he is not without a remedy for the injury sustained. That given by the statute is in addition to the remedy at common law, and an action under it would not be a bar to a suit at common law, in any result.

The judgment is reversed, with costs.

*Judgment reversed*