THE INDIANAPOLIS, PITTSBURG, AND CLEVELAND RAILROAD
COMPANY *v.* MUSTARD.

RAILROAD.—*Injury to Animals.*—*Damages.*—Where an animal is so badly injured by a passing train of cars upon a railroad track that it must soon die from the injury, and the railroad company is liable therefor to the owner of the animal by reason of its track not being securely fenced, and the owner kills

NOVEMBER TERM, 1870. 51

The Indianapolis, Pittsburg, and Cleveland R. R. Co. *v*. Mustard.

the animal, but receives no benefit from it after the injury, evidence of the value of the animal after the injury is not admissible for the purpose of reducing the damages.

APPEAL from the Madison Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellant for injuring and killing a cow belonging to the plaintiff, by the engine and cars of the appellant, upon her railroad, where the same was not properly fenced. Trial by the court; finding and judgment for the plaintiff, a motion for new trial being overruled.

It appears by the evidence that the plaintiff's cow, being upon the railroad track, was struck by the pilot of an engine, and carried or dragged some distance along the track, and then thrown off; that one of her legs was cut entirely off, except a small portion of the skin, and another leg broken; and that she was so badly injured that she could not recover. She lay in this condition a day or two, when the plaintiff killed her, but did nothing further with her; and she was afterwards buried by the employees of the defendant.

During the progress of the trial, the defendant, for the purpose of "fixing the damages," offered to prove the value of the cow after she was thus hurt, but the testimony being objected to, it was excluded. Under the circumstances, we cannot say that this was error. The plaintiff, out of motives of humanity, doubtless, and to end her misery, killed the cow, but derived no benefit whatever from her defunct carcass; and then she was taken charge of by an employee of the defendant who performed her final obsequies by consigning her to the earth, where she could be a source of profit to no one.

Had the plaintiff actually received some benefit from the cow after she was hurt or killed, the question would have been a different one. We take it to be quite clear on principle, that if a railroad company, or any private individual, kill the animal of another, under circumstances that render the company or the individual liable therefor, the rule of damages will be the value of the animal, unless the case calls for vin-

dictive or punitory damages; and these damages are not to be diminished by the value of the dead animal, unless the owner thereof in some way derives an actual benefit therefrom, or does some act evincing an election to appropriate the dead animal to himself. A man whose animal is wrongfully killed is not obliged to take the dead animal in part pay for the living one.

We regard the case before us as substantially one of killing. The cow must have died from her injuries, and the defendant is responsible for her full value.

We have examined the evidence in the cause, and are satisfied that the finding of the court, in respect to the damages assessed, and also in respect to the liability of the defendant, accords with the preponderance thereof.

The judgment below is affirmed, with costs and five per cent. damages.

*J. A. Harrison,* for appellant.

*W. R. Pierse* and *H. D. Thompson,* for appellee.