———————o———————

### THE OHIO AND MISSISSIPPI R. R. CO. *v.* HAYS.

PRACTICE.—*Special Finding.*—Where there is a special finding of facts by the court, without any conclusions of law being found, and with no exception entered to the decision, in accordance with section 341 of the code, no question can be raised upon the finding as a special finding under said section 341.

DAMAGES.—*Railroad.*—*Injury to Animals.*—The owner of an animal killed by a locomotive, at a point on a railroad where the road is not fenced, may abandon the animal, and the railroad company will be liable for the value of the animal when injured.

APPEAL from the Dearborn Circuit Court.

BUSKIRK, J.—There is presented by the record in this cause but one question for the decision of this court. The appellee sued the appellant before a justice of the peace for the value of a cow alleged to have been killed by the locomotive and train of the defendant, at a point on the said road where the same was not fenced. The cause was tried by the justice, and resulted in a judgment for the plaintiff in the sum of fifty dollars. The appellant appealed the case to the circuit court, where the cause was, by the agreement of the parties, tried by the court. The court made a special finding of the facts, but no conclusions of law were found, and no exception to the decision of the court was taken in accordance with section 341 of the code. There was a motion for a new trial, which was overruled, and an exception taken. The question sought to be raised by the appellant does not properly arise on the special findings of the court upon questions of fact, for the reason that the court found no conclusions of law, and there was no exception to the decision of the court. This court has repeatedly held that this was necessary. The question discussed by the counsel of appellant is probably presented by overruling the motion for a new

trial. The court found, in accordance with the evidence, that the plaintiff's cow was injured by the engine of appellant; that she lingered for four or five days, when she died from the injuries received; that the cow when injured was of the value of fifty dollars; and that the value after having been so injured was five dollars. The court rendered a judgment for fifty dollars. The appellant moved the court to render judgment for forty-five dollars and the costs in the circuit court. This motion was overruled. One of the reasons for a new trial is, that the judgment was excessive, being for fifty dollars, when it should have been for forty-five dollars.

The position of the appellant is, that the owner of an animal killed by the engines and trains of a railroad cannot abandon the animal and hold the company liable for the value thereof just prior to the injury, but that he is bound to make any use of such animal that can be done, and that if he fails to do so, the company has the right to deduct from the value of the animal the value of the carcass after its death.

The statute provides that the court shall give judgment for the value of the animal or animals killed or the injury done. The meaning of this language would plainly seem to be, that when the animal is killed its value at the time the injury was inflicted shall be paid, but when the animal is only injured then the damage done is to be the amount of the recovery. This view is strengthened by reference to the second section of the act, the language being, when any animals have been killed or injured. This is no longer an open question in this court. In the case of *The Indianapolis, &c., R. R. Co.* v. *Mustard*, 34 Ind. 50, this court held that the owner of an animal killed had the right to abandon it, and that the company was liable for the value of the animal when injured. The court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with five per cent. damages and costs.

*T. Gazlay, G. B. Fitch,* and *J. Schwartz,* for appellant.
*F. Adkinson,* for appellee.