LOUISA BURTRAW v. HENRY C. CLARK AND HIRAM LITTLE.

*Trespass—Damages—Evidence.*

In trespass for digging a drain across the plaintiff's land under void proceedings, it appeared that the plaintiff, at the time she commenced her suit, had taken no steps to incur the expense of filling up the drain, which she claimed on the trial should be her measure of damages. The defendants sought to show that the drain was a benefit, and not an injury, to plaintiff's land, and contended that plaintiff should recover only nominal damages. And it is held that the defendants were entitled to make the proposed showing; that, if the jury should so find the facts, the rule of damages contended for by defendants would be the proper one; but that if they should fail so to find, and should find that plaintiff intended to fill

up the drain, it would not be unreasonable to allow her the cost of doing so as an element of damage, it appearing that such cost would not exceed the value of the land.

Error to Ionia.   (Daboll, J., presiding.)   Argued October 4, 1894.   Decided December 28, 1894.

Trespass.   Defendants bring error.   Reversed.   The facts are stated in the opinion.

*Chaddock & Scully*, for appellants.

*John Nichol* and *F. H. Stowe*, for plaintiff.

HOOKER, J.   Defendants dug a drain across the premises of the plaintiff, under drain proceedings that were void. It was admitted to be a trespass.   Upon the trial the defendants claimed the right to show that such ditch was a benefit, and not an injury, to plaintiff's land, and that the damages should be nominal.   The court refused to permit this, and confined the evidence of damages to the amount that would be required to place the land in its former condition, by filling the ditch, etc., which he held that plaintiff had the right to recover.

The law aims to compensate parties for injuries, and ordinarily the rule that makes the injured party whole is a safe rule to adopt; but it is not invariably so, for such person owes some duty to a trespasser.   In the majority of cases little difficulty is experienced, because the trespass is clearly injurious, and the cost of repair, where feasible, and the shrinkage in value, where it is not, furnish fair measures of damage.   In a case where rebuilding is a physical impossibility there is no alternative but to apply the latter rule; and, on the other hand, where it is possible, there is perhaps no good reason why a plaintiff should not recover the reasonable cost thereof incurred in good faith, and under the rules laid down in *Allison v.*

*Chandler*, 11 Mich. 542, perhaps the court should not be too reluctant to apply this rule, though it should bear heavily upon the defendant. But there are limits to its application. While it would be plainly absurd to deny to a plaintiff, by way of damage for the destruction of a few rods of fence, the expense actually incurred, or perhaps the prospective cost of rebuilding the same, upon the ground that his measure of damages should be the shrinkage in value of a thousand acres of land owing to such destruction, it would be as unjust to say that he should be allowed to recover the amount necessary to replace his farm, which had sunk into defendant's mine, where the filling of the hole caused thereby, though a physical possibility, would necessarily be attended by an expenditure of an amount many times the value of the farm in its former condition. In such case the value of the premises would be the measure of the damages. Another illustration of a case where this rule must apply is where an injury to the foundation of a building is caused by a trespass, to put which back in its former condition might require the tearing down and rebuilding of a valuable edifice. It would be unjust to require this, where the injury was not such as to endanger the building, and where it was trifling in comparison to the cost of remedying the defect. Still more palpable would be the injustice of allowing a plaintiff to recover from a defendant the amount necessary to remove a valuable building, erected by him upon plaintiff's land, thereby greatly enhancing its value, which had thereby become the property of the plaintiff, and which he might thereafter remove or not at his own will. Undoubtedly, within certain bounds, a plaintiff might remove such a structure, and collect the cost thereof as damages, if he saw fit to do so before action brought, because the law recognizes his right to use his land as he may choose.

Without undertaking to determine where limitations upon such right begin, we are impressed with the injustice of allowing a plaintiff in a trespass case to recover the prospective cost of removing a structure or other improvement, and to afterwards avail himself of the benefit of his property by retaining it.

Reasons are urged in this case for the claim that the plaintiff should not be required to keep this drain. It is said that it would soon ripen into a prescriptive right, whereby others might require her to take care of water flowing from the lands of adjoining proprietors. However that may be, at the time she launched her action she was taking no step to incur the expense that she insists should be her measure of damage. So far as the evidence goes, there is nothing to show that she will not keep the drain, or that she will ever suffer the damage, i. e., expend the money in refilling the ditch, which she has sought to recover. The defendants claim this to have been an improvement, whereby the value of the premises was increased, which they should have been allowed to show, and, if the jury should have so found the facts, the rule contended for by the defendants would be the proper measure of damages. On the contrary, if they found otherwise, and that the plaintiff intended to refill the ditch, it would not be unreasonable to allow the cost of doing so as an element of damage; it being apparent that such cost would not exceed the value of the premises. The defendants should have been permitted to introduce the evidence offered, and the case should have been submitted to the jury as indicated.

The judgment will be reversed, and a new trial ordered.

Long, Grant, and Montgomery, JJ., concurred. Mc-Grath, C. J., did not sit.