3:34 LRA330n

## BURTRAW v. CLARK.

1. APPEAL—RES JUDICATA.

   Where a case has been retried in accordance with the directions given on appeal, the judgment so obtained will be affirmed on a second appeal.

2. TRESPASS—DAMAGES.

   *It seems* that, under the ruling in *Burtraw* v. *Clark*, 103 Mich. 383, the plaintiff in an action of trespass for unlawfully digging a drain across his land is entitled to recover the cost of refilling the same, *should he see fit to refill it*, irrespective of any benefits that may have been derived from the construction of the drain, such cost not exceeding the value of the land.[1]

Error to Ionia; Dodds, J., presiding. Submitted November 19, 1895. Decided December 10, 1895.

Trespass by Louisa Burtraw against Henry C. Clark and Hiram Little for digging a drain across the premises of the plaintiff under void proceedings. Plaintiff recovered a judgment, which was reversed in this court. (See 103 Mich. 383.) After the determination of the case on appeal, plaintiff proceeded to fill the ditch. Upon the second trial, the court instructed the jury, in part, as follows:

"If you find that, at the time of the commencement of this suit, it was the desire of the plaintiff, and she in-

---

[1] As bearing upon the consideration of the question of benefits in actions of this nature, see *Fisher* v. *Naysmith*, 106 Mich. 71.

tended as soon as convenient for herself, and as soon as she could determine that she had the right so to do, to fill the ditch, and place the land in the same condition as before, then I charge you, gentlemen, that her damage ought to consist of the amount that it was actually necessary for her to expend to restore the ground to the condition it was in preceding the trespass, and also whatever damage you find was done to the crops, or damage that may be done—if you find that there was no such damage by reason of the trespass itself, in damaging the land itself—in the raising of crops in the future. But, gentlemen, on the other hand, if you find she had no intention at the time she commenced the suit, and it was not her desire, to restore the land to its original condition, the condition it was in previous to the trespass, then I charge you that the measure of damages in this case is the difference between the value of the land before the trespass was committed and the value of the land after the trespass was committed.   *   *   *

"I am asked to charge you by the defendants that, as a matter of law, if the land was damaged at all, then the true measure of damages will be the difference between the value of the land before and after the ditch was dug, or the diminution of the value of the land because of said drain. I charge you, gentlemen, this measure of damages, provided you find that the plaintiff's *bona fide* intention was not to fill the ditch and restore the land to its former condition; but, in case you do find that she had that intention, the rule I have heretofore given you must govern upon that point. So you may not misunderstand: The request just read to you is a proper measure of damages in case you find that she did not intend to restore the land to its former condition at the time of the commencement of the suit."

Judgment was again rendered for plaintiff, and defendants bring error. Affirmed.

*Chaddock & Scully*, for appellants.

*John Nichol* and *F. H. Stowe*, for appellee.

LONG, J. This case was in this court at the October, 1894, term, and is reported in 103 Mich. 383. It was then

reversed, and a new trial ordered. The case has been retried, and verdict found in favor of the plaintiff. Defendants appeal.

In the former opinion, the rule to be followed upon a new trial was carefully laid down, and the case was retried according to the directions there given. We think the case needs no further discussion.

The judgment must be affirmed.

The other Justices concurred.