### SARAH E. SENECAL v. PETER LABADIE.

*Trespass on lands—Plea of license.*

A license cannot be proved under the plea of the general issue to an action of trespass on lands, if it is not specially pleaded.

Error to Wayne.     Submitted Oct. 24.     Decided Oct. 30.

TRESPASS for cutting timber.     Plaintiff brings error.

*Simon W. Rousson* for plaintiff in error.     Proof of a license or justification of any kind cannot be given under the plea of the general issue in an action of trespass, *Druse v. Wheeler,* 22 Mich., 445; *Rosenbury v. Angell,* 6 Mich., 513; *Milman v. Dolwell,* 2 Camp., 379; *Buck v. Albee,* 26 Vt., 184; *Ruggles v. Lesure,* 24 Pick., 189; *Dyson v. Ream,* 9 Ia., 51; *Demick v. Chapman,* 11 Johns., 132; *Saunders v. Wilson,* 15 Wend., 338; *Hahn v. Ritter,* 12 Ill., 80; 1 Chitty Pl., 501, 592; 2 Greenl. Ev., [Redf. ed.] § 625.

*Robert V. Briggs* and *Charles C. Stewart* for defendant in error.     Notice of justification is unnecessary under the plea of the general issue in trespass for cutting timber, if there was a contract to sell the standing timber and the consideration was paid, 1 Chitty Pl., 505; 2 Waterman on Trespass, 188-9.

CAMPBELL, C. J.　Plaintiff in certiorari sued Labadie for trespass in cutting timber on her land.　He admitted on the trial the title to the land and taking of the timber in part, and a case was made out against him very clearly on further testimony.　He undertook and was allowed to show dealings with the husband of plaintiff, claimed to have given him the right to cut the trees in question.

He pleaded the general issue and gave no notice of license.　The defense he sought to make out was not a denial of the trespass, but that he acted under a right which was in law a license or nothing, and which could not be relied on if not pleaded.　*Vanderkarr v. Thompson*, 19 Mich., 82; *Greeley v. Stilson*, 27 Mich., 153.　It should have been excluded.

It is claimed, however, that inasmuch as there was full proof that there was nothing done which was not lawful in fact, this technical mistake ought not to prevent this court from rendering such a judgment as justice requires, as authorized by Comp. L., § 5477.　But on looking into the record we do not see that defendant made out any authority from plaintiff which would justify all, if any, of his acts.　Upon some points there is no testimony, and on others the testimony seems to be the other way.

The facts undisputed do not furnish us with the means of giving a judgment on the merits in favor of the plaintiff for any ascertained sum.　We can only give a judgment reversing the action of the circuit and justice's courts, with costs of all the courts.　Plaintiff will have to bring a new suit if she desires to prosecute her claim.

The other Justices concurred.