## LONGYEAR *v.* GREGORY.

1. JUDGMENT—PARTNERSHIP—JOINT TORT FEASORS.

   A judgment may be rendered against joint tort feasors notwithstanding a failure to prove an allegation of a partnership as between them.

2. APPEAL—INSTRUCTIONS—FAILURE TO EXCEPT.

   Failure to except to an instruction permitting the jury to include interest in the damages awarded precludes a consideration of the question on appeal.

3. TRESPASS—TREBLE DAMAGES.

   The fact that the vendor of a parcel of timber land pointed out an adjoining parcel to the vendee as the land sold will not relieve the latter from liability to the owner of the adjoining land in treble damages under 2 How. Stat. § 7957, for timber cut and removed therefrom, where it appears that the bill of sale correctly described the land sold, that the vendee cut the timber on both parcels, and that a part of the timber was removed by him from the land in question after he knew that it did not belong to him.

Error to Dickinson; Stone, J. Submitted April 29, 1896. Decided July 21, 1896.

Trespass by John M. Longyear and others against Frank Gregory and Frederick J. Schliemann, copartners doing business under the firm name of the Amberg Cedar Company, to recover treble damages for cutting and removing timber from plaintiffs' land. From a judgment for plaintiffs, defendants bring error. Affirmed.

*Cook & Pelham*, for appellants.

*Ball & Ball*, for appellees.

MOORE, J. In November, 1893, the Amberg Cedar Company, through the agency of one Whitney, purchased of the firm of Mann Bros. five 40's of timber

lands in Dickinson county. One of these 40's was the S. E. ¼ of the N. E. ¼ of section 8, town 42 north, of range 30 west. Whitney, as agent of the Mann Bros., took defendant Schliemann over the lands before the purchase, and pointed out the S. W. ¼ of the N. E. ¼, instead of the S. E. ¼ of the N. E. ¼, of the above section, as a part of the lands. The said S. W. ¼ of the N. E. ¼ is the property of the plaintiffs. Defendants .located their lumber camps on this 40, and commenced operations. They also cut the timber on the S. E. ¼ of the N. E. ¼. On March 27, 1894, they had cut nearly all the timber from this 40. A few days after, they were notified by one Lewis, plaintiffs' agent, that they were trespassers; that the S. W. ¼ of the N. E. ¼ of section 8 was the property of plaintiffs. At this time a good deal of the timber was yet on the ground, and a good portion of the balance was piled on the adjoining 40. Defendants shipped and sold all of the timber, posts, trees, etc., they cut from this land.

It was claimed that defendant's firm consists of Schliemann and Florence R. Gregory, wife of Frank Gregory, and that Gregory acted as his wife's agent, and did the clerical business of the firm, only. Testimony was introduced tending to show that Schliemann never saw the bill of sale of the lands, and consequently did not know the descriptions it contained; that Gregory read the bill of sale, but was inexperienced in the lumber business and the descriptions of lands; that Schliemann placed the camp on the land designated by Whitney as part of ·the lands for which Schliemann was negotiating; and that Gregory visited the camp occasionally, and paid the men. The record discloses that what was done was done by the direction of Schliemann and Frank Gregory, so far as the active operations resulting in the trespass were concerned.

The defendants having cut and removed the pine, cedar, hemlock, and tamarack in controversy, plaintiffs brought suit in an action of trespass, and sought to

recover treble damages, under the provisions of section 7957, 2 How. Stat. The jury returned a verdict in favor of plaintiffs for $277.61 damages, and a member of the jury at the same time handed to the court a pencil memorandum containing several items; among others, one for interest, $22.92, and with the footing $277.61. Defendants presented no requests to charge. In his charge to the jury, the court instructed them as to the respective claims of the parties bearing upon the question of damages, and closed by saying: "Now, there is quite a wide difference. You are to look over the evidence in this case, and say which is just, if either is just, and, if you say neither one of these figures is just, ascertain what is just, add interest to it for a year and a half, and report it to this court as your verdict." No exception was taken to this or any portion of the charge by defendants. Upon the verdict as rendered by the jury, the court rendered judgment for $832.83 and costs.

A number of assignments of error are made, and all have had consideration. The only one that can be considered, upon the record as made, is, did the court err in rendering a judgment for three times the damages assessed by the jury? It is urged that $22.92 has been included in the verdict as interest, and that the judge could not treble this amount in rendering judgment. It is possible that interest was allowed by the jury in making up their verdict, though it is not conclusively shown by the record. They could have done so under the charge of the court, to which charge defendants took no exception. We think it too late to criticise that feature of the case now.

The important question in the case is whether, under the facts shown by the record, judgment could be rendered for three times the amount of the damages assessed by the jury. The statute reads:

"Every person who shall cut down or carry off any wood, underwood, trees, or timber, or shall girdle or otherwise despoil or injure any trees on the land of any

other person, without the leave of the owner thereof, or on the lands or commons of any city, township, village, or other corporation, without license therefor given, shall be liable to the owner of such land, or to such corporation, in three times the amount of damages which shall be assessed therefor in an action of trespass, by a jury, or by a justice of the peace in the cases provided by law." 2 How. Stat. § 7957.

The defendants did not ask the court to pass upon the question of whether the trespass was casual and involuntary, or whether defendants had probable cause to believe the land where the trespass was committed was theirs, nor did they except to the instruction of the court " that the single question in the case was the question of damages," so that it is doubtful if that question is open for discussion; but we deem it best to consider and dispose of the case upon its merits.

It is urged that this case does not come within the spirit of the statute; that there is nothing to indicate willfulness, wantonness, or evil design in what they did; and that unless they committed a willful wrong the statute would not apply,—citing *Wallace* v. *Finch*, 24 Mich. 255; *Russell* v. *Myers*, 32 Mich. 523; *Clark* v. *Field*, 42 Mich. 342; *Michigan Land & Iron Co.* v. *Deer Lake Co.*, 60 Mich. 143 (1 Am. St. Rep. 491). These cases undoubtedly do hold that the damages provided for in the statute are in their nature punitory, and are not designed to be inflicted in the absence of active misconduct. In the last-named case it was held that the burden of proof was upon the defendant to show that the trespass was casual and involuntary. We do not think the record shows this was done in the case before us. The inference to be fairly drawn from the proof cannot be harmonized with the idea of good faith on the part of defendants. It will be remembered that the statute applies, not only to those who cut down, but to those who carry away, timber, etc. Not only did the defendants cut the timber from the S. W. ¼ of the N. E. ¼, which belonged to the plaintiffs, but they also cut it from

the S. E. ¼ of the N. E. ¼.   An inspection of their bill of sale would have indicated to them that they had no right to cut the timber from both of these 40's.   Neither would it require a great amount of experience in the woods to indicate they had no right to cut over 80 acres of land when they had title to but 40 acres.   The record also discloses that when Mr. Lewis, acting for the plaintiffs, visited them, a large quantity of posts cut from this land were still on the land; other portions of the timber were near by, on an adjoining description; and, after they knew the title to the lumber and timber was not in them, the defendants shipped it away, and appropriated the proceeds to their own use.   It cannot be the law that no degree of care is required of one who goes on land to cut timber, or that he may recklessly, and without trying to ascertain the facts, cut and carry away timber, and then say that the owner, who may have wanted to keep his timber, must content himself by receiving as his damages only what the timber was worth on the land.   It was to meet such cases as the one at issue that the statute was passed.   See *Cushing* v. *Dill*, 3 Ill. 460; *Loewenberg* v. *Rosenthal*, 18 Or. 178.

The judgment of the court below is affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.