PADMAN *v.* RHODES.

TRESPASS — CUTTING TIMBER — TREBLE DAMAGES — BURDEN OF
PROOF.

> Under 3 Comp. Laws 1897, § 11204, authorizing the recovery of
> treble damages against any person cutting timber on the
> land of another without his leave, the burden is on the plain-
> tiff to show that the cutting was without leave of the owner.

Error to Jackson; Peck, J. Submitted November 13,
1900. Decided May 7, 1901.

Trespass by Mary E. Padman against Lorenzo M.
Rhodes for cutting timber. From a judgment for defend-
ant, plaintiff brings error. Affirmed.

*John F. Henigan,* for appellant.

*Parkinson & Campbell,* for appellee.

MONTGOMERY, C. J. Plaintiff, in her own right and
as assignee of her co-heirs, represents an ownership of
an undivided three-fourths of a farm of 200 acres in Jack-
son county. The defendant was the administrator of his
father's estate, and in possession under authority from the
heirs, with authority to sell, etc. This action is in trespass
for cutting trees. The declaration contains a common-law
count for trespass, and one under section 11204, 3 Comp.
Laws 1897. On the trial the circuit judge charged the
jury, in part, as follows:

"There are two counts of the declaration of the plaintiff
in this case. The first count charges the defendant with a
trespass upon lands, in the ordinary way. I instruct you,
however, that the plaintiff cannot recover under this first
count, for the reason that the evidence shows, without
dispute, that the plaintiff was not in possession of the
premises at the time the alleged trespasses were committed.
The second count of the declaration charges trespass in

the cutting of trees, and injuring them, upon the lands of the plaintiff, under a special statute, being consecutive sections 11204 and 11205 of Miller's Compilation. Now, the elements necessary to constitute a case under this statute are that the defendant cut the trees in question, that they were upon the lands of another person, and that they were cut without leave of the owner; and so in this case I charge you that, to justify you in finding a verdict for the plaintiff, it must appear, and by a preponderance of the evidence, that the defendant cut the trees in question, that they were upon the lands of the plaintiff, and that the cutting was done by the defendant without the leave of the plaintiff, her mother, or sister, Mrs. Dancer."

No complaint is made of the instruction limiting the plaintiff to the statutory count, but error is assigned upon that portion relating to the burden of proof under that count.

The statute provides that "every person who shall cut down or carry off any wood, underwood, trees, or timber  *  *  *  without the leave of the owner thereof  *  *  *  shall be liable to the owner of such land  *  *  *  in three times the amount of damages which shall be assessed therefor," etc. The statute is penal in its nature, and, to make the defendant liable under it, all the essential ingredients of the wrong legislated against must appear. It is conceded that the averment that the cutting was without the leave of the owner was necessary. This is but a recognition of the general rule that, where there is an exception in the enacting clause of the statute, the pleader must negative the exception. *People* v. *Curtis*, 95 Mich. 214 (54 N. W. 767), and cases cited. It being necessary to allege that the defendant committed the act without leave of plaintiff, it was also necessary to prove it. In *Shaw* v. *Ashford*, 110 Mich. 534 (68 N. W. 281), we held that an affidavit to hold to bail, made by one who could not of his own knowledge negative permission of the owner under this statute, was fatally defective.

We think the instruction was proper. It is obvious that the mitigation of damages under section 11205, by

showing that the trespass was casual or involuntary, is quite another thing than the defense that no right of action has been shown under section 11204, because of failure to prove that the trees were cut without leave of the owner. In most cases the plaintiff can recover under a common-law count without the necessity of making this proof; but the court in this case held, and, we assume, properly, that no recovery could be had under the general count. The jury, in answer to a special question, found that the defendant did not cut the trees without leave of the owner. This finding negatives plaintiff's right to recover under this statute.

Some criticism is made of the charge in other respects, which we find unfounded.

Judgment is affirmed.

The other Justices concurred.