## HART v. DOYLE.

1. DEEDS—DESCRIPTIONS—GOVERNMENT SURVEY.
Whether a deed of a given subdivision of land "according to the government survey" may pass title to land which would fall within the lines of such subdivision if extended, but which, by reason of an intervening meandered stream, is platted as part of another subdivision,—*quœre*.

2. TRESPASS—PLEADING—LOCUS IN QUO.
Where, in an action of trespass, it appeared that the *locus in quo* had been treated locally, for purposes of taxation and otherwise, to the knowledge of all parties, as part of a certain government subdivision, the use of such description in the declaration, though not technically accurate, could not have misled defendant, and was sufficient.

3. SAME—ADVERSE POSSESSION.

Where plaintiff in trespass establishes a title by adverse posses-
sion, his failure to make a paper title is unimportant.

4. ADVERSE POSSESSION—SUFFICIENCY OF FINDING.

A finding by the trial court that plaintiff had exercised acts of
ownership and possession over the land in dispute for more
than 15 years will be treated, in support of the judgment, as
a finding of title by adverse possession, where it is apparent
that it was intended as such finding, and there is evidence to
sustain it.

5. TRESPASS -TREBLE DAMAGES—BURDEN OF PROOF.

In trespass under 3 Comp. Laws, § 11204 *et seq.*, for cutting
timber, defendant, if he would avoid the penalty of treble
damages, must show that the trespass was casual and
involuntary.

6. APPEAL—PRACTICE—SUPPLEMENTAL BRIEFS.

An appellant is not entitled to a consideration of alleged errors
first brought to the attention of the court by supplemental
brief.

Error to Van Buren; Carr, J. Submitted May 7, 1901.
Decided September 25, 1901.

Trespass by Roswell Hart, guardian of Maria Hart, an
incompetent, against Stephen Doyle, for cutting timber.
From a judgment for plaintiff, defendant brings error.
Affirmed.

*Thomas J. Cavanaugh*, for appellant.

*Benjamin F. Heckert*, for appellee.

MONTGOMERY, C. J. This is an action of trespass.
The first count of the declaration describes the land upon
which the alleged trespass was committed as "the land of
the said Maria Hart, known and described as being the
west half of the west half of the northeast quarter of sec-
tion fourteen, situate in the township of Hartford," etc.
In the second count the words, "containing forty acres of
land, be the same more or less, according to the United
States survey," were added. Judgment was rendered
under the first count.

The map of the government survey was introduced, showing that the Paw Paw river runs through the N. ½ of section 14, and is a meandered stream. The portion of the section north of the river is marked, "N. Frac. 33.50 Ac." A subdivision south of the stream is marked, "W. ½ N. E. ¼, 64.87 Ac." The land upon which the alleged trespass was committed is seven acres lying immediately east of the quarter line of section 14, and north of the river. The north half of the section also contains three other subdivisions, marked, on the map of the government survey, "E. ½ N. E. ¼," "E. ½ N. W. ¼," and "W. ½ N. W. ¼," respectively. Abraham P. Grant, the original patentee of the entire N. ½ of section 14, conveyed "the east half of the north half" to Samuel P. Case. Plaintiff holds by *mesne* conveyances from Samuel P. Case, all of which describe either the W. ½ of the N. E. ¼ as containing 80 acres of land, more or less, according to the government survey thereof; or the N. W. ¼ of the N. E. ¼ as containing 40 acres, more or less, according to said survey; or the N. ½ of the W. ½ of the W. ½ of the N. E. ¼ as containing 20 acres, more or less, according to said survey; or the W. ½ of the W. ½ of the N. E. ¼ as containing 40 acres, more or less, according to said survey. The court found that these deeds conveyed to plaintiff the seven acres in dispute.

The court also found that plaintiff, with her husband, entered into possession of the so-called "forty" in 1875, and that they built a little house on the part south of the river; that her son cut basswood timber on the seven acres in dispute for the purpose of building this house; that firewood was cut from that seven acres more or less every year from that time until six or seven years ago; that the seven acres was pastured for seven or eight years, with the consent of plaintiff's husband, by an adjoining neighbor, who built fences on the north side of said seven acres, and on the west side, from the north line of said section southward to a cat-hole near the river, in consideration for the pasture; that saw-logs to the value of $150 were cut

from the seven acres in 1881 by the plaintiff's son, with her knowledge and consent.

"In short, that the plaintiff, by herself, her husband, and her son, has exercised acts of ownership and possession over the seven acres in dispute for over 15 years, and she was in possession thereof at the time of the alleged trespass."

There is testimony to support these findings.

The court also found that the so-called "forty acres" has been assessed to plaintiff's husband ever since 1871, and that he has paid taxes thereon, which includes the seven acres; and that the defendant, as supervisor, assessed the so-called "forty," including the seven acres in dispute, to the plaintiff, two successive years. These findings were based upon the fact that the land, for purposes of taxation, was described as the "west half of the west half of the northeast quarter of section 14,—40 acres," and that defendant testified that he supposed the seven acres north of the river was included in his description on section 11; apparently showing that the subdivision north of the river was not assessed, unless as a part of this 40, while defendant was supervisor. It does not appear from the testimony that the north fractional 33.50 acres has ever been assessed for taxation as a separate description.

Defendant asked the court to find that the lands where the trespass is claimed to have been committed are not described in plaintiff's declaration, and took exception to the refusal of the court to so find. The court found that "the defendant is liable in trespass in this case, and that the plaintiff's single damage is $20, and that she is entitled, under the statute, to three times the amount of the damage," and entered judgment accordingly. Defendant excepted "to the court finding as a matter of law that judgment should be entered in favor of plaintiff, as against said defendant, for $60 and costs of suit." But the only assignment of error bearing upon this point reads: "The court erred in entering judgment in the above en-

titled cause for the plaintiff on the findings so made by him." Defendant did not request any finding upon the point of whether the trespass was casual or involuntary.

Appellant claims:

1. That plaintiff was not the owner of the land where the alleged trespass was committed, either by virtue of the deeds offered in evidence or by adverse possession, claiming that the evidence fails to support the finding of plaintiff's possession.

2. That the land upon which the alleged trespass was committed was not described in plaintiff's declaration, and that the action must therefore fail.

3. That the court was not warranted in trebling the damages. (This point is made only in the supplemental brief.)

We find it unnecessary to determine whether, in view of the qualifying words in the conveyances under which plaintiff claims, namely, "according to the government survey," the title passed by the conveyance to plaintiff or not. It does appear by the findings that the *locus in quo* was treated locally, and for purposes of taxation, by the plaintiff, and by the defendant himself, as a part of the W. ½ of the N. E. ¼ of the section. This being so, we think the description in the declaration could not have misled the defendant.

The finding shows possession in the plaintiff for more than the statutory period. This, of itself, would *prima facie* perfect plaintiff's title, and under this title plaintiff was entitled to maintain the action. Some criticism is made upon the wording of the finding, as being insufficient to show all the elements of title by adverse possession. This criticism is very evidently an after-thought, as, in the statement of facts in defendant's original brief, he states that the court found that there was title by user. There is nothing in the record to indicate that the attention of the court was called to this defect, and the general assignment of error in this court is not sufficiently specific to challenge attention to such error. See *Hecock* v. *Van Dusen,* 96 Mich. 573 (55 N. W. 1024). We have no

doubt that the court intended to be understood as finding that the plaintiff had held, during the period of 15 years, adverse possession. The finding is construed with all reasonable intendments in its favor, and in support of the judgment. *Peabody* v. *McAvoy*, 23 Mich. 526; *Neib* v. *Hinderer*, 42 Mich. 451 (4 N. W. 159).

It is also claimed that the evidence fails to support this finding of adverse possession; but an examination of the record convinces us that there is abundant testimony upon which to base the finding.

The point that the damages ought not to have been trebled is only mentioned in the supplemental brief, and defendant is not in a position to insist that it be considered. But the point is without merit, as the plaintiff, if entitled to recover, was *prima facie* entitled to have her damages trebled. *Michigan Land & Iron Co.* v. *Deer Lake Co.*, 60 Mich. 143 (27 N. W. 10, 1 Am. St. Rep. 491).

The judgment will be affirmed.

The other Justices concurred.