## GOVERNALE v CITY OF OWOSSO

1. TRESPASS—DAMAGES—TREBLE DAMAGES—STATUTES.

   Treble damages may be recovered, pursuant to statute, for a knowing and intentional trespass; however, a trespasser's good faith and honest belief that he possessed the legal authority to commit the complained-of act are sufficient to avoid treble damage liability (MCLA 600.2919[1]).

2. TRESPASS—DAMAGES—TREBLE DAMAGES—STATUTES—WILFUL CONDUCT.

   A defendant city acted with reckless disregard of the facts, and its conduct was wilful within the meaning of the trespass statute, thereby entitling the plaintiffs to treble damages, where the city began construction of a pipeline across the plaintiffs' land and after being informed by the plaintiffs that it was their land, and not a portion of a highway right-of-way, the city failed to avail itself of an intervening weekend to establish the true facts of ownership, and returned on Monday morning and continued to work on the project and installed 396 feet of pipe on plaintiffs' land and did not get a permit for an installation from the township where the land was located until more than one month later (MCLA 600.2919[1]).

3. TRESPASS—DAMAGES—MEASURE OF DAMAGES—DIMINUTION OF VALUE—REPLACEMENT VALUE.

   The measure of damages in trespass to land is generally the difference between the value of the land before the harm and the value after the harm; therefore a trial court properly used diminution of value rather than replacement cost as a measure of damages to a plaintiff's trees where the land was unimproved and marshy and the trees cut were of soft and short-lived varieties.

4. TRESPASS—EQUITY—IMPROVEMENT ON LAND—UNJUST ENRICHMENT.

   The principle that improvements made on the land of an inno-

cent owner become part of the realty is not absolute or immutable and should not be allowed to conflict with the doctrine of unjust enrichment; thus a trial court's order that a defendant be allowed to reenter plaintiff's land to remove pipeline which was mistakenly laid there, conditioned upon the defendant being obligated to restore the land to a good and proper condition, was both fair and appropriate.

Appeal from Shiawassee, James M. Teahen, Jr., J. Submitted Division 2 February 4, 1975, at Lansing. (Docket No. 18922.) Decided March 24, 1975.

Complaint by Joseph G. and Josephine H. Governale and John and Agnes Jankeje against the City of Owosso for damages for trespass. Judgment for plaintiffs. Plaintiffs Jankeje appeal the amount of damages and an order allowing defendant to reenter the land to recover pipeline installed during the trespass. Affirmed in part, reversed in part.

*Bruce S. King,* for plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove* and *W. Mark Faison)* and Lewis D. Benson, for defendant.

Before: BASHARA, P. J., and R. B. BURNS and M. J. KELLY, JJ

M. J. KELLY, J. Defendant city authorized by ordinance the acquisition and construction of wells and water transmission lines in the spring of 1968. Defendant sought to run raw water mains from wells located on land it owned in the Township of Caledonia past some land owned by plaintiff fronting on Hintz Road. There were two property owners involved in the court below; the Governales and the Jankejes. Each were the owners of about 600 feet of frontage along Hintz Road and the Jankejes have filed this appeal.

Defendant's engineers, contractors, and apparently its own officers, were under the mistaken impression that Hintz Road was a section-line highway and therefore the right-of-way extended 33 feet on either side of the center line. See MCLA 221.20; MSA 9.21. The city was mistaken. Hintz Road was not a dedicated highway and the county could only permit construction of the water line within the travelled portion of the roadway.

On Thursday, December 12, 1968, having secured a permit from Shiawassee County, the defendant started construction along Hintz outside the travelled portion and on plaintiff's property. On the following day, Friday, plaintiffs launched their objections, informed the workmen that they were encroaching on plaintiff's land, that the work should be stopped and the workmen should leave. This was of course after considerable work had been done. The plaintiffs' objections were heeded and the construction crew departed. Inexplicably the crew returned the following Monday, December 16, 1968, and resumed the work. Once again plaintiffs objected, complained of defendant's trespass and requested the workers to cease and desist and get off plaintiffs' land. These admonitions were effective, the work was rerouted and the crew later installed the pipeline under the traveled portion of Hintz Road.

There is no dispute that a trespass to plaintiffs' realty was occasioned by defendant. Plaintiffs seek review of the trial court's denial of treble damages, its allegedly inadequate compensatory damage award, and its order permitting defendant to reenter the land to remove pipeline installed during the trespass.

The applicable treble damage provision, MCLA 600.2919(1); MSA 27A.2919(1), reads:

"Any person who:

"(a) cuts down or carries off any wood, underwood, trees, or timber or despoils or injures any trees on another's lands, or

\*   \*   \*

"(c) cuts down or carries away any grass, hay, or any kind of grain from another's lands "without the permission of the owner of the lands \* \* \* without license to do so, is liable to the owner \* \* \* for 3 times the amount of actual damages. If upon the trial of an action under this provision or any other action for trespass on lands it appears that the trespass was casual and involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was his own, or that the wood, trees, or timber taken were taken for the purpose of making or repairing any public road or bridge judgment shall be given for the amount of single damages only."

Construing comparable predecessor statutes, it has been held that treble damages may be recovered for a knowing and intentional trespass. *Kelly v Fine,* 354 Mich 384; 92 NW2d 511 (1958), *Michigan Land & Iron Co v Deer Lake Co,* 60 Mich 143; 27 NW 10 (1886). However, a trespasser's good faith and honest belief that he possessed the legal authority to commit the complained-of act are sufficient to avoid treble damage liability. *Allison v Chandler,* 11 Mich 542 (1863). The trial judge concluded that defendant acted in good faith and honestly believed that it had the statutory authority to run the pipeline outside the roadway by mistaken faith in the section line highway statute, MCLA 221.20; MSA 9.21.[1] With that conclusion we cannot agree. The city obviously could not have

---

[1] "All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for 10 years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been or which may hereafter be laid out and not recorded, and which shall have

had probable cause to believe that the land on which the trespass was committed was its own and therefore the trial judge had to find that the trespass was casual and involuntary in order to limit his award to single damages.

Casual and involuntary is the opposite of deliberate and intentional. The enabling ordinance was passed in April of 1968, the permit from Shiawassee County was obtained on December 12, 1968, the very day of the initial trespass. A permit from Caledonia Township wherein the property is located was not obtained until January 17, 1969. This was long after the trespass in question and long after the city and its contractor had proceeded to work within the township. That the city was careless, we can agree, but casual and involuntary, we cannot. Even if one conceded the first bite on December 12 to be casual, after being run off the job the next day the city should have availed itself of the time remaining on Friday and over the weekend to find out where the section line was located and under what circumstances Hintz Road had been built. It was cavalier to return to the job on Monday without improving on its information. Before the city stopped it had installed 396 feet of pipe in a trench at least that long and it had to cut a considerable swath through plaintiffs' land to do so. We believe that the city, under the circumstances, acted with reckless disregard of the facts and that its conduct was wilful within the meaning of the statute in question. See *Longyear v Gregory,* 110 Mich 277; 68

been used 8 years or more, shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act. All highways that are or that may become such by time and use, shall be 4 rods in width, and where they are situated on section or quarter section lines, such lines shall be the center of such roads, and the land belonging to such roads shall be 2 rods in width on each side of such lines."

NW 116 (1896). We conclude therefore that plaintiff is entitled to treble damages.

Plaintiffs claim that the court's damage award inadequately compensated them for the value of trees removed by defendant. Mr. Jankeje testified that about 60 mature trees had been cut down and that the replacement cost was about $200 per tree. Upon stipulation of counsel the court viewed the land and found that it was unimproved and marshy. The trees removed, said the court, were willows and poplars, which are soft and short-lived woods. The court's decision to use diminution of value as the measurement of damages instead of replacement cost was based on sound judgment. *Burtraw v Clark,* 103 Mich 383; 61 NW 552 (1894).

In *Schankin v Buskirk,* 354 Mich 490, 494; 93 NW2d 293, 296 (1958), our Supreme Court held:

"Generally speaking, damages in trespass to land are measured by the difference between the value of the land before the harm and the value after the harm, but there is no fixed, inflexible rule for determining, with mathematical certainty, what sum shall compensate for the invasion of the interests of the owner. Whatever approach is most appropriate to compensate him for his loss in the particular case should be adopted."

We find no error in the method used to compute damages or in the amount of damages granted.

It is plaintiffs' final contention that the trial court erred in *sua sponte* ordering that defendant be allowed to reenter their land to remove pipeline mistakenly installed by defendant. The principle stated in *Morrison v Berry,* 42 Mich 389; 4 NW 731 (1880), that improvements made on the land of an innocent owner become part of the realty, is not absolute or immutable. Such a principle, if carried to its logical extreme, could lead to pat-

ently inequitable ends and conflict with the doctrine of unjust enrichment. *Hardy v Burroughs,* 251 Mich 578, 581; 232 NW 200, 201 (1930).

A trial court must be accorded considerable latitude in fashioning remedies commensurate with the equities of the case. The court below conditioned the removal of pipeline on defendant being obligated to restore the land to a good and proper condition. The relief was both fair and appropriate. We believe that the court's order in this regard was reasonable.

Reversed for entry of judgment in triple the amount of damages awarded to plaintiffs Jankeje only. Costs to plaintiffs.