WEISSWASSER v CHERNICK

1. Trespass—Treble Damages—Nonconsent—Burden of Proof—
   Statutes.

   A plaintiff in a statutory action for treble damages for trespass
   has the initial burden of showing nonconsent (MCLA 600.2919;
   MSA 27A.2919).

2. Trespass—Consent—Affirmative Defense.

   Consent is an affirmative defense to common law trespass.

3. Trespass—Tenants in Common—Nonconsent—Statutes.

   Each tenant in common, in a statutory trespass action brought by
   the owners as tenants in common of a tract of land, must
   submit evidence of his or her nonconsent (MCLA 600.2919;
   MSA 27A.2919).

4. Tenancy in Common—Principal and Agent—Express Author-
   ity.

   A tenant in common cannot make representations for the other
   tenants in common unless he has obtained express authority.

5. Costs—Discovery—Request for Admissions—Refusal to Admit
   —Reasonable Expenses—Attorney Fees—Court Rules.

   A party may obtain the reasonable expenses including reasonable
   attorney's fees of proving facts which an opposing party has
   wrongfully refused to admit (GCR 1963, 312.1, 313.3).

6. Witnesses—Deposition—Undue Hardship—Court Rules.

   A deposition may be taken and used in court where testifying at

References for Points in Headnotes

[1, 3] 75 Am Jur 2d, Trespass §§ 60, 61, 79, 83.
   Applicability of statutes providing for multiple damages or penalty
   for wrongful trespass as affected by the defendant's purpose or
   intent. 111 ALR 79.
[2] 75 Am Jur 2d, Trespass § 41.
[4] 59 Am Jur 2d, Parties § 92.
[5] 20 Am Jur 2d, Costs § 56 et seq.
   Taxation of costs and expenses in proceedings for discovery or
   inspection. 76 ALR2d 953.
[6] 25 Am Jur 2d, Depositions and Discovery § 3 et seq.

trial would cause a witness undue hardship (GCR 1963, 302.4[3]).

Appeal from Oakland, Robert L. Templin, J. Submitted February 4, 1976, at Detroit. (Docket No. 21558.) Decided April 5, 1976. Leave to appeal applied for.

Complaint by Daniel Weisswasser and Beatrice Coleman, as co-guardians of Lillian Weisswasser, and others against Michael F. Chernick and others for damages for trespass. Judgment for plaintiffs. Defendants appeal. Reversed and remanded for entry of judgment for defendants.

*Pence, Rogers, Carlson & Flynn,* for plaintiffs.

*Marvin A. Canvasser* and *Felix S. Kubik,* for defendants.

Before: BASHARA, P. J., and N. J. KAUFMAN and D. F. WALSH, JJ.

N. J. KAUFMAN, J. This is an appeal by right from an Oakland County Circuit Court judgment for plaintiffs in the amount of $64,800 plus interest and costs. The appeal is brought by the corporate defendants and by the Chernicks, who control the corporate defendants (hereinafter defendants).

Plaintiffs instituted this action pursuant to MCLA 600.2919; MSA 27A.2919, which allows for treble damages where certain types of trespasses have been committed. Specifically, the statute provides, in pertinent part:

"(1) Any person who:
(a) cuts down or carries off any wood, underwood, trees, or timber or despoils or injures any trees on another's lands, or
(b) digs up or carries away stone, ore, gravel, clay,

sand, turf, or mould or any root, fruit, or plant from another's lands, or

(c) cuts down or carries away any grass, hay, or any kind of grain from another's lands *without the permission of the owner of the lands,* * * * , is liable to the owner of the land * * * for 3 times the amount of actual damages. If upon the trial of an action under this provision or any other action for trespass on lands it appears that the trespass was casual and involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was his own, or that the wood, trees or timber taken were taken for the purpose of making or repairing any public road or bridge judgment shall be given for the amount of single damages only." (Emphasis supplied.)

Plaintiffs are the owners as tenants in common of a 40-acre tract of land in Brandon Township. Defendants Chernick own a neighboring property. In their complaint, plaintiffs alleged that employees of the defendants had removed earth from 2.1 acres of plaintiffs' property to be used as land fill on defendants' land. Plaintiffs further claimed that several trees were destroyed by the heavy equipment used to remove the earth.

A jury returned a verdict against defendants but excused defendants' employees from liability because of the employees' good-faith belief that their authority to remove earth was valid. The jury set damages in the amount of $21,600. The trial judge, based on a specific jury finding that the trespass was intentional, trebled the verdict.

On appeal, defendants allege numerous grounds for reversal, one of which we find decisive. Defendants contend that, under the statute on which plaintiffs' complaint was based, plaintiffs failed to satisfy the burden of proving that the earth was taken without consent. As such, defendants argue, the trial court erred in denying a defense motion

for a directed verdict against plaintiffs. We agree. Defendants cite *Padman v Rhodes,* 126 Mich 434; 85 NW 1130 (1901). *Padman* construed the predecessor statute to MCLA 600.2919; MSA 27A.2919 as "penal in its nature". *Id.* at 435. As such, unlike the common law trespass, which makes consent an affirmative defense, *Senecal v Labadie,* 42 Mich 126; 3 NW 296 (1879), plaintiff bore the initial burden of showing nonconsent. The *Padman* Court stated:

"This is but a recognition of the general rule that, where there is an exception in the enacting clause of the statute, the pleader must negative the exception. * * * *[People v Curtis,* 95 Mich 212, 214; 54 NW 767 (1893)], and cases cited. It being necessary to allege that the defendant committed the act without leave of plaintiff, it was also necessary to prove it." 126 Mich at 435.

Where plaintiffs are tenants in common, each must, therefore, submit evidence of his or her nonconsent. Here, only one tenant, Emanuel Weisswasser, so testified. Although tenants in common share certain fiduciary responsibilities, see 4A Powell on Real Property, § 605, pp 619–624, we know of no authority which allows one tenant to be an agent to make representations for the other tenants without express authority to do so. Plaintiff Emanuel Weisswasser had no such authority.

Plaintiffs argue that, even without testimony by all tenants, nonconsent can be inferred from

"(1) total destruction of the land, and in the manner it was done, and the area where it was done, not just near the boundary line, but 530 feet into the interior of plaintiffs' land; (2) the total lack of evidence of any consideration to plaintiffs, payment or any other excuse for being on plaintiffs' land; (3) the denial by defendants in their pleadings that they were on the land; and (4)

the * * * response of Michael Chernick, principal officer of each of the corporations and partner in the Detroit Construction Company, when informed of the trespass ["shoot them"]."

We disagree. In each instance, the evidence cited by plaintiffs is equally as probative of consent as it is of nonconsent.

Plaintiffs also contend that placing all eight tenants on the stand would have been an unnecessary waste of time. We are not convinced. Given the burden of proof assigned by *Padman* and the penal nature of the complaint, defendants have the legal right, by making a general denial, to put the plaintiffs to their proofs. Further, the General Court Rules provide useful expedients to save judicial time. Plaintiffs might, pursuant to GCR 1963, 312.1, have made a request for an admission from defendants that they lacked consent. If defendants wrongfully refused to admit lack of consent, the plaintiffs could have recovered "the reasonable expenses in making such proof [of nonconsent], including reasonable attorney's fees". GCR 1963, 313.3. If testifying would have caused undue hardship to any of the plaintiff tenants, a deposition might have been taken and used in court pursuant to GCR 1963, 302.4(3).

Because common law trespass places the burden of proof concerning consent on the defendant, the instant evidence might have supported a verdict on single damages under a common law theory, *Senecal v Labadie, supra, Vanderkarr v Thompson,* 19 Mich 82 (1869). Plaintiff, however, did not plead such a theory. We cannot consider the common law theory as included within this statutory cause of action. Because of the difference in proof requirements and in legal origin between the two,

each must be specifically pled to adequately inform the defendant of his burden at trial.

For the reasons stated above, we, therefore, reverse the judgment of the trial court and remand for entry of judgment for defendants. Costs to defendants.