WEISSWASSER v CHERNICK

Docket No. 58532. Decided May 2, 1977. On application by plaintiffs for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals. Rehearing denied 400 Mich 1029.

Daniel Weisswasser and Beatrice Coleman, as coguardians of Lillian Weisswasser, and others brought a complaint against Michael Chernick, an adjoining property owner, and others for damages for trespass on property that the plaintiffs, eight brothers and sisters, owned as tenants in common. A jury in Oakland Circuit Court, Robert L. Templin, J., gave a verdict for the plaintiffs and awarded treble damages under the trespass statute for moving earth and destroying trees. Only one tenant testified as to nonconsent, but there was circumstantial evidence of nonconsent by the other tenants in common. The Court of Appeals, Bashara, P. J., and N. J. Kaufman and D. F. Walsh, JJ., reversed because there was no evidence that one or more of the other tenants had not consented (Docket No. 21558). Plaintiffs apply for leave to appeal. *Held:*

Testimony by one of the tenants that he did not grant consent coupled with the circumstantial evidence of nonconsent was sufficient to satisfy the plaintiffs' burden of proof. Defendants did not offer any evidence of consent, but attempted to minimize damages.

Reversed and remanded for consideration of the remaining issues not addressed by the Court of Appeals.

68 Mich App 342; 242 NW2d 576 (1976) reversed.

TRESPASS—TENANTS IN COMMON—NONCONSENT.

Testimony by one of eight tenants in common, plaintiffs in a statutory trespass action for treble damages, that he did not grant consent, coupled with circumstantial evidence of nonconsent by the other tenants was sufficient to satisfy the plaintiffs' burden of proof where the tenant testified that he saw a bulldozer moving earth from the plaintiffs' land onto the defendants' adjoining property, and the defendants offered no

REFERENCE FOR POINTS IN HEADNOTE
49 Am Jur 2d, Landlord and Tenant §§ 296, 298.

evidence of consent but attempted to minimize the damages (MCL 600.2919; MSA 27A.2919).

*Pence, Rogers, Carlson & Flynn* for plaintiffs.

*Marvin A. Canvasser* and *Felix S. Kubik* for defendants.

PER CURIAM. Plaintiffs obtained a jury verdict on their complaint against an adjoining property owner for removal of earth and destruction of trees. The Court of Appeals, relying on *Padman v Rhodes,* 126 Mich 434; 85 NW 1130 (1901), found that the plaintiffs had not discharged their burden of proving the defendants' acts were without the permission of the owner of the lands and reversed. 68 Mich App 342; 242 NW2d 576 (1976). We disagree.

The Weisswassers, plaintiffs, owned 175 acres of farm land as tenants in common. In early October of 1972, Emanuel Weisswasser went to his farm land and found a bulldozer leveling a hill and moving the earth from the hill onto adjacent land owned by the Chernicks. Trees on the Weisswasser land were razed in the process.

A jury found several defendants liable for trespass and awarded $21,600 in damages. These damages were tripled, under the trespass statute,[1] to $64,800.

---

[1] "(1) Any person who:

"(a) cuts down or carries off any wood, underwood, trees or timber or despoils or injures any trees on another's lands, or

"(b) digs up or carries away stone, ore, gravel, clay, sand, turf, or mould or any root, fruit, or plant from another's lands, or

"(c) cuts down or carries away any grass, hay, or any kind of grain from another's lands

*without the permission of the owner of the lands,* * * * is liable to the owner of the land * * * for 3 times the amount of actual damages. If upon the trial of an action under this provision or any other action for trespass on lands it appears that the trespass was casual and involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was his

Of the eight brothers and sisters who held the property as tenants in common, only one, Emanuel Weisswasser, the tenant in possession, testified. His testimony was that he did not grant consent. Also, circumstantial evidence indicated there was not consent.

The testimony of Emanuel Weisswasser that he did not grant consent coupled with the circumstantial evidence of non-consent was sufficient, in our judgment, to satisfy the plaintiffs' burden of proof. The defense proofs dealt with minimizing damages.

Pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse the Court of Appeals and remand the case to that court for consideration of issues raised in that Court but not addressed in its opinion. Costs to plaintiffs.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

own, or that the wood, trees, or timber taken were taken for the purpose of making or repairing any public road or bridge judgment shall be given for the amount of single damages only." (Emphasis supplied.) MCLA 600.2919; MSA 27A.2919.