WEISSWASSER v CHERNICK (ON REMAND)

TRESPASS—DAMAGES—MEASUREMENT OF DAMAGES—REMOVAL OF MA-
TERIALS—REPLACEMENT AND RESTORATION COSTS—STATUTES.

> Damages in a statutory action for trespass are measured by the
> loss of value of the freehold interests of the owner as a result of
> the removal of any of the materials enumerated by the statute;
> replacement and restoration costs are proper elements for the
> jury to consider in assessing those damages (MCLA 600.2919;
> MSA 27A.2919).

Appeal from Oakland, Robert L. Templin, J.
Submitted July 18, 1977, at Lansing. (Docket No.
77-2645.) Decided August 23, 1977.

Complaint by Daniel Weisswasser and Beatrice
Coleman, as co-guardians of Lillian Weisswasser,
and others against Michael Chernick and others
for damages for trespass. Judgment for plaintiffs.
Defendants appealed. Reversed and remanded for
entry of judgment for defendants, 68 Mich App
342 (1976). Plaintiffs appealed to the Supreme
Court, which reversed and remanded to the Court
of Appeals for further consideration, 399 Mich 653
(1977). Upon reconsideration, judgment for plain-
tiffs affirmed.

*Pence, Rogers, Carlson & Flynn,* for plaintiffs.

*Marvin A. Canvasser* and *Felix S. Kubik,* for
defendants.

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trespass §§ 50, 51.

Before: Bashara, P. J., and N. J. Kaufman and
D. F. Walsh, JJ.

## On Remand

N. J. Kaufman, J. Defendants were found to
have intentionally trespassed on plaintiffs' land
and were assessed treble damages amounting to
$64,800, pursuant to MCLA 600.2919; MSA
27A.2919. On appeal, this Court reversed,[1] finding
that plaintiffs had not sustained their burden of
proof by not showing that all the tenants-in-com-
mon had not, in fact, consented to defendants'
entry, citing *Padman v Rhodes,* 126 Mich 434; 85
NW 1130 (1901).

That decision was reversed on May 2, 1977, by
the Supreme Court in a *per curiam* opinion[2] hold-
ing that testimony by one of the tenants that he
did not grant consent coupled with the circumstan-
tial evidence of nonconsent was sufficient to satisfy
plaintiffs' burden of proof. This case was there-
upon remanded to us for consideration of the
remaining issues raised by defendants on appeal.

Because the Supreme Court has definitively an-
swered all questions as to defendants' liability, the
only remaining issue we need discuss is whether
the trial court erred in its instructions to the jury
as to the standard to be used for computing dam-
ages. The trial court instructed the jury that it
could consider replacement costs in determining
damages.

Under MCLA 600.2919; MSA 27A.2919 (and its
predecessors), damages are measured by the loss of
value of the freehold interests of the owner as a

---

[1] 68 Mich App 342; 242 NW2d 576 (1976).

[2] 399 Mich 653; 252 NW2d 766 (1977).

result of the removal of any enumerated materials. *Achey v Hull,* 7 Mich 423, 430 (1859), *Miller v Wykoff,* 346 Mich 24, 26–27; 77 NW2d 264 (1956), *Schankin v Buskirk,* 354 Mich 490, 494; 93 NW2d 293 (1958). Defendants contend that this standard precludes replacement costs as a measure of damages. However, in *Schankin v Buskirk, supra,* at 494, the Supreme Court was careful to point out that:

"there is no fixed, inflexible rule for determining, with mathematical certainty, what sum shall compensate for the invasion of the interests of the owner. Whatever approach is most appropriate to compensate him for his loss in the particular case should be adopted."

Furthermore, in *Kelly v Fine,* 354 Mich 384, 388; 92 NW2d 511 (1958), and in *Schankin v Buskirk, supra,* at 496, the Supreme Court held that replacement and restoration costs are proper elements for the jury to consider in assessing damages.

Therefore, since the trial court did instruct the jury that they must "determine the amount of money which would reasonably, fairly and adequately compensate plaintiffs for the injury to their property", the instruction that they could consider replacement costs in making that determination does not constitute reversible error.

We have carefully reviewed all other allegations of error and find none to be persuasive.

Affirmed.