WEISSWASSER v CHERNICK (ON REHEARING)

1. TRESPASS—TRESPASS TO LAND—DAMAGES—MEASUREMENT OF DAM-
   AGES—COMPENSATION FOR LOSS—LAND VALUES.

   Generally, damages in trespass to land are measured by the
   difference between the value of the land before the harm and
   the value after the harm, but there is no fixed, inflexible rule
   for determining, with mathematical certainty, what sum shall
   compensate for the invasion of the interests of the owner;
   therefore, whatever approach is most appropriate to compen-
   sate him for his loss in the particular case should be adopted.

2. TRESPASS—TRESPASS TO LAND—DAMAGES—MEASUREMENT OF DAM-
   AGES—ORNAMENTAL SHADE TREES—UNIQUE VALUE—REPLACE-
   MENT AND RESTORATION.

   Damages with respect to ornamental or shade trees are not
   restricted solely to a value-before and a value-after test for
   injury to the freehold; while these are proper elements for the
   jury's consideration, the jury may also consider the value of the
   trees themselves to the contemplated or existing uses of the
   land, including the cost of replacement or restoration in cases
   where the property destroyed has a unique value of its own.

3. TRESPASS—TRESPASS TO LAND—DAMAGES—MEASUREMENT OF DAM-
   AGES—BEFORE AND AFTER TRESPASS—VALUE OF TREES—AES-
   THETIC VALUE.

   The proper measure of damages is the difference between the
   value of the land before a trespass and the value of the land
   after the trespass where there is no allegation that either the
   fill removed or the trees destroyed in the earth moving process
   had any unique value of their own or any special aesthetic
   value to the owners.

Appeal from Oakland, Robert L. Templin, J.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 75 Am Jur 2d, Logs and Timber § 126 et seq.
[2] Measure of damages for destruction of or injury to trees and
    shrubbery. 69 ALR2d 1335.
    52 Am Jur 2d, Logs and Timber § 126 et seq.

Submitted July 18, 1977, at Lansing. (Docket No. 77-2645.) Decided March 21, 1978.

Complaint by Daniel Weisswasser and Beatrice Coleman, as co-guardians of Lillian Weisswasser, and others against Michael F. Chernick and others for damages for trespass. Judgment for plaintiffs. Defendants appealed. Reversed and remanded for entry of judgment for defendants, 68 Mich App 342 (1976). Plaintiffs appealed to the Supreme Court, which reversed and remanded to the Court of Appeals for further consideration, 399 Mich 653 (1977). Upon consideration on remand, judgment for plaintiffs affirmed, 77 Mich App 681 (1977). Defendants moved for rehearing. Granted. Upon reconsideration, reversed and remanded.

*Pence, Rogers, Carlson & Flynn,* for plaintiffs.

*Marvin A. Canvasser* and *Felix S. Kubik,* for defendant.

Before: BASHARA, P. J., and N. J. KAUFMAN and D. F. WALSH, JJ.

## ON REHEARING

PER CURIAM. This case has been before this Court on two prior occasions. Originally, this Court reversed a lower court finding of intentional trespass, 68 Mich App 342; 242 NW2d 576 (1976), because plaintiffs had not sustained their burden of proof.

That decision was reversed by the Supreme Court, 399 Mich 653; 252 NW2d 766 (1977), *reh den,* 400 Mich 1029, remanding the case to us for consideration of the remaining issues raised by defendants on appeal.

Confining ourselves to the issue of damages, we held that the trial court did not err by instructing the jury that it could consider replacement costs in determining damages. 77 Mich App 681; 259 NW2d 357 (1977).

Defendants-appellants moved for rehearing, arguing that this Court's opinion on remand misread the cases cited as authority for its conclusion. We are constrained to agree.

The cases cited in the remand opinion for the proposition that replacement and restoration costs are proper elements for the jury to consider in assessing damages involved special circumstances not present in this case.

In *Kelly v Fine,* 354 Mich 384; 92 NW2d 511 (1958), the owner of an occupied residential lot recovered costs to replace topsoil, which was intended to complete landscaping on the property.

In *Schankin v Buskirk,* 354 Mich 490; 93 NW2d 293 (1958), the owners of a residential lot recovered the value of ornamental shade trees, which affected the aesthetic value of the property. In *Schankin,* however, the Supreme Court made the following statement about the measure of damages in trespass cases:

"Generally speaking, damages in trespass to land are measured by the difference between the value of the land before the harm and the value after the harm, but there is no fixed, inflexible rule for determining, with mathematical certainty, what sum shall compensate for the invasion of the interests of the owner. Whatever approach is most appropriate to compensate him for his loss in the particular case should be adopted.

\* \* \*

"We are not, with respect to ornamental or shade trees, restricted solely to a value-before and a value-after test for injury to the freehold. These are proper

elements for the jury's consideration but it may consider, as well, the value of the trees themselves to the contemplated or existing uses of the land, including the cost of replacement or restoration, in those cases where, as here, the property destroyed has a unique value of its own." 354 Mich at 494, 496.

In this case there is no allegation that either the fill removed from the plaintiff's land or the trees destroyed in the earth moving process had any unique value of their own or any special aesthetic value to the owners. The proper measure of damages, therefore, is the difference between the value of the land before the trespass and the value of land after the trespass. See *Governale v City of Owosso,* 59 Mich App 756; 229 NW2d 918 (1975).

This case is reversed, therefore, and remanded to the trial court for a new trial on the issue of damages. The trial court shall instruct on diminution of value as the measure of damages, taking into consideration the above-quoted language of *Schankin v Buskirk, supra.*[1] Additionally, because of the length of time already expended in the adjudication of this cause, the trial court is directed to hear this case as soon as is expeditiously possible. We do not retain jurisdiction.

Reversed and remanded.

---

[1] It should be noted that the commercial value of the timber, minerals or other materials removed in a trespass to land may be considered in determining the diminution in the value of the freehold. *Gates v Comstock,* 113 Mich 127; 71 NW 515 (1897). If the commercial value of what was removed by the trespass exceeds the diminution in the value of the freehold, it would be proper for the jury to award damages in an amount equal to the value of what was removed. *See, Bockes v A McAfee & Son Co,* 165 Mich 7, 10; 130 NW 313 (1911).