STEVENS v CREEK

Docket No. 59458. Submitted August 5, 1982, at Lansing.—Decided November 18, 1982.

Janet Stevens brought a trespass action in Hillsdale Circuit Court for the removal from her property of certain timber by Hugh Creek, an adjoining property owner. Plaintiff sought an injunction against defendant's continued trespass, treble damages for defendant's alleged wilful and voluntary removal of the timber, damages for diminution of the value of her property by reason of the entry and removal of timber, and restoration of her property pursuant to the Michigan Environmental Protection Act. Following a bench trial, Albert J. Neukom, J., granted plaintiff's request for an injunction, awarded plaintiff actual damages in the amount of $120 for defendant's removal of four face cords of wood from plaintiff's property, denied plaintiff's claim for treble damages, and dismissed plaintiff's claim based upon the Environmental Protection Act on the basis that said act did not apply because there was "no public trust involved in this matter". Plaintiff appeals. *Held:*

1. The trial court erred in dismissing the action under the Environmental Protection Act since that act applies where a defendant's conduct has or is likely to pollute, impair or destroy a natural resource or the public trust in the natural resource. Being stated in the disjunctive, recovery under the Environmental Protection Act is not limited to only those instances where there is a public trust or public right of access involved.

2. The trial court should have permitted plaintiff to introduce into evidence the environmental impact statement and the testimony of an ecologist for the purpose of attempting to

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pollution Control § 517.
[2] 61A Am Jur 2d, Pollution Control § 538.
[3] [No reference]
[4] 61A Am Jur 2d, Pollution Control §§ 492, 589.
[5] 61A Am Jur 2d, Pollution Control § 580 *et seq.*
[6] 52 Am Jur 2d, Logs and Timber § 135.

establish that defendant's conduct rose to the level of impairment or destruction of a natural resource.

3. Since the proofs at trial would support a finding that the defendant's trespass was not wilful or voluntary, it cannot be said that the trial court's determination not to award treble damages was clearly erroneous.

Affirmed in part, reversed in part, and remanded.

1. ENVIRONMENT — ACTIONS — ENVIRONMENTAL PROTECTION ACT — PRIMA FACIE CASE.

A plaintiff, in order to make out a prima facie case under the Environmental Protection Act, must show that the defendant's conduct has, or is likely to, pollute, impair or destroy the air, water or other natural resources or the public trust therein; being stated in the disjunctive, the protections of the act are not limited only to natural resources affecting land in which there is a public trust or a right to public access (MCL 691.1201 et seq.; MSA 14.528[201] et seq.).

2. ENVIRONMENT — ACTIONS — ENVIRONMENTAL PROTECTION ACT — PRIMA FACIE CASE.

The determination of whether a prima facie case under the Environmental Protection Act has been made involves a dual inquiry: (1) whether a natural resource is involved, and (2) whether the impact of the activity on the environment rises to the level of impairment to justify injunctive relief (MCL 691.1201 et seq.; MSA 14.528[201] et seq.).

3. ENVIRONMENT — TREES — ENVIRONMENTAL PROTECTION ACT.

The removal of trees may constitute the destruction of a natural resource within the meaning of the Environmental Protection Act (MCL 691.1201 et seq.; MSA 14.528[201] et seq.).

4. ENVIRONMENT — REMEDIES — RESTORATION — ENVIRONMENTAL PROTECTION ACT.

Restoration of a natural habitat may be a proper remedy under the Environmental Protection Act (MCL 691.1201 et seq.; MSA 14.528[201] et seq.).

5. ENVIRONMENT — EVIDENCE — ENVIRONMENTAL PROTECTION ACT.

It is error to refuse to permit a plaintiff in an action brought under the Environmental Protection Act based upon the removal of trees from a natural habitat to introduce into evidence an environmental impact statement and the testimony of an ecologist for the purpose of attempting to establish that the defendant's conduct rose to the level of impairment or destruc-

tion of a natural resource (MCL 691.1201 *et seq.;* MSA 14.528[201] *et seq.).*

6. Logs and Timber — Trespass — Damages — Punitive Damages.
   Treble damages under the statutory provision providing for treble damages where one cuts down or removes trees or timber from the land of another are properly denied where the trespass is casual, involuntary or the defendant has probable cause to believe that the land was his; the treble damage provision is punitive in nature and will not be applied in the absence of active misconduct (MCL 600.2919; MSA 27A.2919).

*Michael E. Nye,* for plaintiff.

*Fry, Barker & Hayne* (by *James D. Hayne),* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and M. R. KNOBLOCK,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's dismissal of her action under the Michigan Environmental Protection Act (EPA), MCL 691.1201 *et seq.;* MSA 14.528(201) *et seq.,* and from the court's denial of her claim for treble damages pursuant to MCL 600.2919; MSA 27A.2919.

Plaintiff is the owner of an approximately 30-acre parcel of property which adjoins the southern boundary of defendant's property. The boundary line between plaintiff's and defendant's property is located in a heavily wooded area.

In December, 1978, plaintiff commenced this action alleging that defendant had trespassed upon her property and cut down and removed timber therefrom. Plaintiff sought an injunction against defendant's continued trespass and requested an award of treble damages for defendant's alleged wilful and voluntary removal of timber from her

---

* Circuit judge, sitting on the Court of Appeals by assignment.

property, MCL 600.2919; MSA 27A.2919. Plaintiff's first amended complaint also sought damages for the diminution of the value of her property due to defendant's entry and removal of timber. Plaintiff's second amended complaint added a third count alleging that defendant's acts constituted a violation of the EPA. Plaintiff requested that her property be restored to its condition prior to the trespass.

Following a bench trial, the court found that a trespass had occurred, granted plaintiff's request for an injunction and awarded plaintiff actual damages in the amount of $120 for defendant's removal of four face cords of wood from plaintiff's property. Plaintiff's claim for treble damages was denied. As to Count III, the court dismissed the claim on the basis that it stated no cause of action, finding that the EPA "does not apply because there was no public trust involved in this matter". Plaintiff appeals.

The first issue is whether the trial court erred in finding that the EPA was not intended to protect natural resources on land in which there is no public trust or public right to user.

Const 1963, art 4, § 52 provides:

"The conservation and development of the natural resources of the state are hereby declared to be of paramount public concern in the interest of the health, safety and general welfare of the people. The legislature shall provide for the protection of the air, water and other natural resources of the state from pollution, impairment and destruction."

In response, the Legislature enacted the EPA, formally known as the Thomas J. Anderson, Gordon Rockwell Environmental Protection Act of 1970, MCL 691.1201 *et seq.;* MSA 14.528(201) *et*

*seq.* Section 2 of the act, MCL 691.1202; MSA 14.528(202), provides that a party may bring an action for declaratory and equitable relief against any other party "for the protection of the air, water and other natural resources and the public trust therein from pollution, impairment or destruction". Under § 3, MCL 691.1203; MSA 14.528(203), the plaintiff, in order to obtain relief, must make a prima facie showing that the defendant's conduct "has, or is likely to pollute, impair or destroy the air, water or other natural resources *or the public trust therein"*. (Emphasis supplied.) *Ray v Mason County Drain Comm'r,* 393 Mich 294, 309; 224 NW2d 883 (1975); *Whittaker & Gooding Co v Scio Twp,* 117 Mich App 18; 323 NW2d 574 (1982).

The language of § 3 is disjunctive; plaintiff may make a prima facie case by establishing existing or probable future pollution, impairment or destruction of natural resources *or* of the public trust in those resources. We find nothing in the language which would limit the protections in the act to natural resources affecting land in which there is a public trust or a right to public access.

In *Kimberly Hills Neighborhood Ass'n v Dion,* 114 Mich App 495, 503; 320 NW2d 668 (1982), this Court noted that in determining whether a plaintiff has made a prima facie case under the EPA a dual inquiry must be conducted: (A) whether a natural resource is involved, and (B) whether the impact of the activity on the environment rises to the level of impairment to justify the trial court's injunction. See *West Michigan Environmental Action Council v Natural Resources Comm,* 405 Mich 741, 760; 275 NW2d 538 (1979), *cert den* 444 US 941; 100 S Ct 295; 62 L Ed 2d 307 (1980).

In the case at bar, the testimony established

that defendant destroyed trees on plaintiff's property. The removal of trees constitutes destruction of natural resources under the EPA. *Eyde v State of Michigan,* 82 Mich App 531, 540; 267 NW2d 442 (1978), *lv den* 403 Mich 812 (1978).

As to the second element of the inquiry, plaintiff testified that she maintained the property in question as a wildlife preserve and attempted to perpetuate it in its natural state. Plaintiff brought her claim under the EPA in order to obtain reforestation of the damaged area. Restoration of the natural habitat is a proper remedy under the EPA. See *Eyde, supra.*

The trial court found that EPA was inapplicable and therefore dismissed plaintiff's claim without permitting her to introduce an environmental impact study and the expert testimony of an ecologist, which could possibly have established a prima facie case under the act. This was error. The case is therefore remanded to the trial court to allow plaintiff to introduce evidence bearing on the second element of the inquiry, to wit: whether the impact of defendant's conduct rose to the level of impairment or destruction of a natural resource.

The remaining issue is whether the trial court erred in denying plaintiff's claim for treble damages. MCL 600.2919; MSA 27A.2919 provides in pertinent part:

"(1) Any person who:

"(a) cuts down or carries off any wood, underwood, trees, or timber or despoils or injures any trees on another's lands * * * without the permission of the owner of the lands * * * is liable to the owner of the land * * * for 3 times the amount of actual damages. If upon the trial of an action under this provision or any other action for trespass on lands it appears that the trespass was casual and involuntary, or that the defen-

dant had probable cause to believe that the land on which the trespass was committed was his own, or that the wood, trees, or timber taken were taken for the purpose of making or repairing any public road or bridge judgment shall be given for the amount of single damages only."

The damages provided for by the statute are punitive in nature and are not designed to be imposed in the absence of active misconduct. *Longyear v Gregory,* 110 Mich 277; 68 NW 116 (1896). The burden is on the plaintiff to prove that the cutting was done without permission of the owner. *Weisswasser v Chernick,* 399 Mich 653; 252 NW2d 766 (1977); *Padman v Rhodes,* 126 Mich 434; 85 NW 1130 (1901). In order to avoid treble damages, the defendant has the burden of proving that the trespass was casual and involuntary rather than wilful. See *Hart v Doyle,* 128 Mich 257; 87 NW 219 (1901), *Padman, supra.*

Upon reviewing the record in the instant case, we are unable to conclude the court's ruling was clearly erroneous. The testimony was conflicting, and it was obvious that plaintiff and defendant had an ongoing dispute regarding the location of the boundary line. At the time the timber was taken there was no clear designation of the boundary line. Since it can reasonably be concluded from the record that defendant's trespass and cutting of timber on plaintiff's property was not wilful or voluntary, plaintiff was not entitled to treble damages.

Affirmed in part, reversed in part and remanded.