MOODY *versus* WHITNEY, KIMBALL AND FARNSWORTH.

34 563
96 58

Trees, so soon as severed from the soil, become personal property.

So soon as trees are fallen and severed from the soil, a wrongful assumption of dominion over them, is a conversion.

A tortious taking is conversion.

Where one, having tortiously cut and carried away trees from the land of another, sells a part of them to a person, who had no knowledge of the wrong; the owner, even if he can maintain an action of trover against them jointly, will be entitled, in such action, to recover of the *vendee* only to the value of the part which he purchased.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J. presiding.

TROVER, to recover the value of timber trees, cut upon the land of the plaintiff. The title to the land was claimed

by both parties, and at the trial, the principal controversy related to that point. The evidence and the rulings upon it, it is not necessary here to present. In relation to the trees, which are the subject of the controversy, the testimony tended to prove that they were cut and carried away from the land which the plaintiff claims, by two of the defendants, Whitney and Kimball, from whom the defendant, Farnsworth, with others, purchased a part of them, which he sawed into boards and converted to his own use, at the mill.

The jury were instructed that, " if satisfied that the trees grew upon the plaintiff's land, and were thus cut, carried away, sawed and converted, the action could be maintained for their value, where they first became personal property, at the time of their first conversion after they were cut and fallen." If this instruction was erroneous, the verdict, which was for the plaintiff, is to be set aside, and a new trial granted.

*Gould*, for the plaintiff.

There was a joint conversion by all the defendants.

One act proved, which was clearly an act of conversion, was a *sale* by two of the defendants to the third.

In the sale and purchase, *all* the defendants, vendors and vendee, must of course, have participated.

The act of *sale* is a conversion, and the act of *purchase*, with the view of making the property one's own, is also a conversion. In this act, the seller and buyer joined.

But whether there was a joint conversion or not, is not presented by the report, and the testimony is not fully reported on that part of the case. It is not therefore a question for determination.

*Lowell*, for the defendants.

RICE, J. — This is an action of trover for the joint conversion, by the defendants, of certain timber trees, the alleged property of the plaintiff.

The title to the land from which the trees were taken was in dispute, and claimed both by the plaintiff and by Whitney and Kimball, two of the defendants. The title deeds of

the parties were introduced and also a plan of the premises made by a surveyor appointed by order of the Court. Upon that plan was delineated the lines as claimed by the different parties.

Instructions were given by the Court with reference to those conflicting claims.

With respect to the trees cut and carried away, there was testimony tending to prove that they were cut and carried away by two of the defendants, Whitney and Kimball, from the land of the plaintiff upon his construction of the deeds, and that the other defendant purchased a part of them with others, and caused them to be sawed and converted to his own use at the mill.

Upon this point the jury were instructed, that if satisfied that the trees were thus cut, carried away, sawed and converted, the action could be maintained for their value, where they first became personal property, at the time of their first conversion after they were cut and fallen.

The trees became personal property as soon as they were severed from the soil, and the wrongful assumption of dominion over them after they were thus cut and fallen, would be a conversion on the part of Whitney and Kimball. A tortious taking is conversion. *Salisbury* v. *Gourgas*, 10 Met. 442.

Farnsworth, the other defendant, subsequently purchased *part* of the trees. He does not appear to have been in any way connected with the original cutting and carrying away, or even to have known from whence the trees came. His liability could not, under such circumstances, be extended beyond the value of the trees purchased and converted by himself, in case he is held liable with the other defendants for a joint conversion. There may have been very many trees taken from the land by Whitney and Kimball, and those trees may have been of great value, and for which they may be liable. Of those taken by them the case finds that Farnsworth purchased a part only, it may have been a small part, both in quantity and value.

The instructions given would have authorized, if not re-
quired, the jury to hold Farnsworth liable for the value of all
the trees cut and carried away by Whitney and Kimball,
whether they ever came into his possession or not. Indeed,
such would seem to have been their necessary effect.

This will entitle the parties to a new trial. ·There were
several other points taken by the defendants, upon which the
Court do not deem it important at this time to express an
opinion.　　　　　　　*The verdict is to be set aside*
　　　　　　　　　　　　　*and a new trial granted.*

TENNEY, HOWARD and APPLETON, J. J., concurred.