| 60 | 143 |
| 103 | 39 |
| 103 | 382 |

| 60 | 143 |
| 110 | 280 |

| 60 | 143 |
| 128 | 262 |

THE MICHIGAN LAND AND IRON COMPANY, PARTNERSHIP ASSOCIATION (LIMITED) v. THE DEER LAKE COMPANY, A CORPORATION.

*Trespass to land—How. Stat. § 7957 construed—Treble damages thereunder—Not recoverable in the absence of willful wrong and active misconduct on part of trespasser.*

1. Treble damages, under How. Stat. § 7957, are in their nature punitory and were not designed to be inflicted in any case not involving something like willful wrong. They cannot arise from mere neglect, but must come from active misconduct: *Wallace v. Finch*, 24 Mich. 255-9; *Shepard v. Gates*, 50 Mich. 498.

2. In such a case, the burden of proof to show that the trespass was casual and involuntary, is upon the defendant.

3. Where a trespasser upon land, by cutting pine timber thereon, left a portion of the saw logs on the land, and there was no proof of a refusal on the part of the owner to allow the logs to be removed by the trespasser, or of his refusal to remove the same, and it appears that after the breaking off of negotiations for a settlement of the trespass, the owner tried to sell the logs, and could not, and that the same were thereafter destroyed by fire,

*Held*, in an action of trespass, under the statute, that the measure of damages for the logs so destroyed was the value of the timber, if standing.

Error to Marquette. (Grant, J.) Argued February 4, 1886. Decided February 17, 1886.

Trespass. Plaintiff brings error. Reversed.

*Ball & Hanscom*, for appellant:

The fact of the trespass having been proven, plaintiff is entitled to treble damages unless it is made to appear that it was casual and involuntary: How. Stat. § 7957; *Clark v. Field*, 42 Mich. 342; and the trespass, once shown, the burden of proof is on defendant to show that it was casual and involuntary.

It was error to charge the jury that there must be affirmative evidence, outside of the mere fact of the trespass, of

willfulness, wantonness or evil design in order to establish the statutory liability; because, first, the fact of the trespass once proven or conceded, when standing alone and unexplained, involved, presumptively at least, an element of willfulness, wantonness or evil design, sufficient to warrant treble damages under the statute; it was, therefore, not incumbent upon the plaintiff, in the first instance, in order to make out a prima facie case, to do more than show the fact of the destruction of his timber by the defendant. In the absence of any exculpatory evidence, the statutory liability to treble damages is complete upon proof of the trespass, there being no natural presumption that the trespass was committed through accident or mistake, and hence the statute very properly requires the trespasser, if he would escape the liability to treble damages which the statute has imposed for the protection of property from depredations by careless, obstinate and evil disposed persons, to produce evidence tending to show that the trespass was casual, or involuntary. *Wallace v. Finch*, 24 Mich. 255, is not applicable to this case, nor does it in fact sustain the view of the law taken by the court.

The court erred in stating the measure of damages. The hypothetical statement of facts, given as an illustration, failed to conform to the facts proven in this case, at least aside from the one fact of trespass. There is no evidence in the case that the plaintiff refused to sell the timber which had been cut, nor that plaintiff had a "fair chance to sell and dispose of it;" but, on the contrary, the evidence is that plaintiff's agent tried to sell the timber, but was unable to do so. It cannot be claimed, it seems to us, that the offer of the defendant to purchase the logs can be considered as even tending to show that plaintiff "had a fair chance to sell," for the very reason that the offer referred to included something more than the purchase of the logs. It was coupled with a condition, that, if accepted, it should be in full of all damages; but how much was included in that offer for damages, and how much for logs, the evidence does not disclose. Defendant made no offer for the logs merely. It was late in the spring, just as the snow was leaving, and the time in which to effect a sale was very limited.

We question the correctness of the proposition that the defendant was liable for the value of the timber left upon the land, only in case the plaintiff had no opportunity to sell or dispose of it. The phraseology used, in effect, places the burden upon the plaintiff to show his efforts and failure to make a sale, or other disposition of the timber, before he can call upon the defendant to pay for it.

*E. E. Osborn* and *Henry A. Chaney*, for defendant:

[Brief mainly confined to a review of the facts claimed to have been established on the trial.—REPORTER.]

" The charge of the court that there must be some evidence of willfulness, wantonness or evil design to justify treble damages was right:" *Allison v. Chandler*, 11 Mich. 542; *Wallace v. Finch*, 24 Mich. 255; *Russell v. Myers*, 32 Mich. 522; *Shepard v. Gates*, 50 Mich. 498; and the court was correct in saying that defendant was not liable for the value of the timber cut and left on the land which it had offered to purchase. Defendant could only have been liable in case it had used the timber. The plaintiff prevents defendant from removing the timber, and it cannot recover for its value and still have it : Freeman on Judgments § 237.

MORSE, J.   The main question in this case relates to the recovery of treble damages under the statute[1] by the plaintiff.

The plaintiff brought suit and recovered judgment in an action of trespass against the defendant, for the cutting down and carrying off of pine timber growing upon its lands.

The timber was cut by the servants of the defendant, under the direction of its foreman.

The objections to the verdict, which was that the trespass was casual and involuntary, are confined to alleged errors of the court in his instructions to the jury.

It is asserted by counsel for the plaintiff that although the circuit judge undertook to charge the jury that the burden was upon the defendant to show that the trespass was casual or involuntary, yet, in effect, he instructed them quite the opposite, as follows :

" In determining this question there must be some evidence of willfulness, wantonness or evil design on the part of Perry

---

[1] How. Stat. § 7957.   "Every person who shall cut down or carry off any wood, underwood, trees or timber, or shall girdle or otherwise despoil or injure any trees on the land of any other person, without the leave of the owner thereof, or on the lands or commons of any city, township, village, or other corporation, without license therefor given, shall be liable to the owner of such land, or to such corporation, in three times the amount of damages which shall be assessed therefor in an action of trespass, by a jury, or by a Justice of the Peace in the cases provided by law."

(defendant's foreman), who committed the trespass. Negligence alone is not sufficient to create liability in a case of this kind. If Perry * * * honestly believed * * * he was on the lands of defendant, he would not be liable for the trespass himself in treble damages, nor would the defendant in the case."

This is claimed to be equivalent to saying that the plaintiff must produce that character of evidence, before the defendant would be liable under the statute.

The instruction of the court in this respect was correct, and in harmony with the previous decisions of this Court. Treble damages under this statute are in their nature punitory, and it cannot be assumed that they were designed to be inflicted in any case not involving something like willful wrong. Such damages cannot arise from mere neglect, but must come from active misconduct: *Shepard v. Gates*, 50 Mich. 498; *Wallace v. Finch*, 24 Mich. 255–9. The court clearly put the burden upon the defendant to show that the trespass was casual or involuntary, as follows: *Mr. Ball*, for plaintiff:

" I ask your honor to charge the jury that the burden of proof is upon the defendant to show the trespass casual and involuntary, and not upon the plaintiff to show it was willful."

*By the court.* "That is so, gentlemen."

The court also instructed the jury that the defendant was liable for the damage done to the land, if any, by cutting and removing the timber. As to the timber cut and not carried away, but left upon the land by the defendant, the court charged the jury that the defendant was liable only in case the plaintiff had no opportunity to sell or dispose of it. This is assigned as error.

From the evidence it appears that there was some correspondence between the parties in reference to the logs left upon the land. There was no particular dispute about the quantity cut. It is practically conceded on both sides that defendants cut and carried away about 6,500 feet, and left upon the land about 72,000 feet, of which some 18,000 feet

were not merchantable. Defendant wrote Horatio Seymour, Jr., who had plaintiff's interests in charge, making an offer for the logs,—61,665 feet at four dollars per thousand; coupling said offer with the following condition : " This to cover the matter of trespass on section 17 *in full;* we to have the logs, and permission to remove them." Seymour, in behalf of plaintiff, replied that he was willing to take defendant's estimate of the logs, but refused to take the amount offered in full settlement of the trespass, claiming willful negligence in defendant amounting to willful trespass; and stating that for $316.62 he would settle in full. Defendant then wrote, declining to take the logs, and made another offer to cover the damage to freehold and the value of the logs removed, amounting to fifty-four dollars, which last offer Seymour refused.

The court's charge in full in relation to the logs cut but not removed, was as follows:

"As to the question of damages, it appears that some of the timber, as I have said, had been removed, the rest remaining skidded upon the land. When Rood ascertained that the trespass had been committed, he then entered into negotiations, as I have said, to settle the matter and obtain the title to the timber. These negotiations did not result in a settlement. The defendant had no right to enter upon the lands to remove the timber that was cut down and skidded, because in so doing he would be guilty of a fresh trespass.

The plaintiff claims that he is liable for the value of the timber so removed from the realty and left upon the land in the manner indicated. The defendant claims that it was the duty of the plaintiff to dispose of the timber, if there was a chance to dispose of it and sell it, and that he cannot recover in damages for the value of the timber if such was the case.

I charge you, gentlemen, that if the plaintiff, after ascertaining that the timber was cut upon the land, had an opportunity to dispose of it,—to sell it,—it was his duty to do so; and if he did not do so, he cannot recover for the value of the timber that was cut and left upon the lands, or, at least, for the price at which he might have sold it. For illustration : If a man trespass upon another's land, and cuts off 100 cords of wood, and piles it up, and before moving it ascertains that he has trespassed upon another's land in doing

so, and the owner of the land refuses to permit him to remove that wood, and refuses to sell it, he cannot recover for the value of that wood, provided he has a fair chance to sell and dispose of it.

Such is the case with the timber in this case. It cannot be the law that although the defendant had done wrong, although it had committed a trespass, that the plaintiff can refuse to dispose of the property which has been cut, when it had an opportuity to do so, and then recover for its value of the defendant. Of course, if you find from the testimony that the plaintiff had no chance or opportunity to sell the timber so cut and skidded, then, of course, the defendant would be liable for its value."

There was no evidence other than the correspondence between Seymour on the part of the plaintiff, and Rood on the part of the defendant, showing, or tending to show, any refusal on the plaintiff's part to allow defendant to take away the logs cut. Neither was there any refusal to do so in the letters of Seymour. The defendant offered so much, in settlement of the whole claim for trespass, it to take the logs with permission to remove them. Plaintiff did not refuse such permission, but would not settle the trespass unless a larger sum of money was paid than defendant tendered by its letter.

Under these circumstances, it seems to us that the charge of the court was incorrect. The testimony further shows that after the negotiations for settlement were broken off, plaintiff tried to sell the logs, and could not. The logs were subsequently destroyed, or nearly so, by fire. The plaintiff was entitled to have these pine trees standing upon its land. They would have remained so had it not been for the trespass of the defendant. It would seem, upon natural principles, that the plaintiff ought to recover the value of the timber standing,—what it would have been worth if not cut down. If plaintiff had refused to let defendant take the logs away, it would have been different,—the value of the logs upon the ground might have then been deducted.

In *Wood v. Elliott*, 51 Mich. 320, this Court decided that cutting the standing timber belonging to another, although the land belonged to the trespasser and the plaintiff only had

the right to the timber by removing it within a reasonable time, was a conversion, and the plaintiff was entitled to the actual value of the timber. The defendant in that case cut down the timber and converted it into wood. In mitigation of damages, he pleaded that the wood belonged to the plaintiff. The circuit court instructed the jury that he was liable for the full value of the timber standing, and this Court sustained the charge. See, also, 2 Waterman, Tresp. § 1098; *Sanderson v. Haverstick*, 8 Penn. St. 294; *Sampson v. Hammond*, 4 Cal. 184; *Moody v. Whitney*, 34 Me. 563; *Indianapolis, P. & C. R. Co. v. Mustard*, 34 Ind. 50; *Champion v. Vincent*, 20 Tex. 811.

There was no evidence tending to show an election upon the part of plaintiff to keep the logs. The wood illustration was not supported by the evidence, yet the court said: "Such is the case with the timber in this case," thus virtually instructing the jury that plaintiff had refused to let defendant remove the logs. There is nothing in the record tending to show any such refusal.

For this error the judgment must be reversed, and a new trial granted, with costs of this Court.

CAMPBELL, C. J., and CHAMPLIN, J., concurred.

SHERWOOD, J. I concur in the result at which my brethren have arrived in this case, but cannot agree with them as to the character of the acts of the defendant necessary to be shown to entitle the plaintiff to recover treble damages, under the statute, for the injury sustained.

When negligence is indulged to the extent of showing utter disregard for the property rights of another, it becomes wanton, and under it, acts of trespass committed become willful or amount to the same thing.

The testimony in this case strongly tended to show the acts of the defendant to be of that character, and the jury should have been permitted to take this view of the subject. They, however, were precluded from doing so under the charge of the court. It is idle to talk about a party acting

in good faith while taking and converting the property of another to his own use without knowing, or making an effort to know, whether he has any right to it or not.   In this case the defendant took no means which would enable its foreman to correctly ascertain the boundaries of its own property, or to ascertain whether or not its servants were trespassing in cutting the timber claimed for.   Such lawlessness and disregard for the rights and interests of others are little less than vandalism, and never accompany or characterize acts done in good faith, and I can never consent they should receive the sanction of courts as such.

The charge of the court upon the subject of negligence, in my judgment was not correct.   The circuit judge should have told the jury they might find the acts of the defendant in cutting the plaintiff's timber wanton from the grossness of the negligence alone, and if they found such to be the fact the plaintiff would be entitled to recover treble damages under the statute.

For this error, as well as the other pointed out by my brethren, the judgment should be reversed, and a new trial granted.

---

| 60 | 150 |
|---|---|
| 81 | 62 |

| 60 | 150 |
|---|---|
| 84 | 645 |

| 60 | 150 |
|---|---|
| 95 | 368 |

| 60 | 150 |
|---|---|
| 99 | 453 |

| 60 | 150 |
|---|---|
| 108 | 125 |
| 109 | 300 |

| 60 | 150 |
|---|---|
| 111 | 45 |

| 60 | 150 |
|---|---|
| s26NW | 801 |
| 130 | ¹213 |

| 60 | 150 |
|---|---|
| 141 | ¹148 |

| 60 | 150 |
|---|---|
| f149 | ¹292 |
| j149 | ¹300 |

| 60 | 150 |
|---|---|
| 145 | ⁵482 |