MILLER v. WYKOFF.

1. TRESPASS—NATURE OF ACT—QUESTION FOR JURY.
   The question of whether or not defendant's trespass upon plaintiff's land and destruction and removal of timber thereon was wilful or was casual and involuntary *held*, properly submitted to jury and evidence supported its verdict for plaintiff (CL 1948, § 692.451).

2. SAME—TREBLE DAMAGES.
   Damages in action for treble damages from wilful and wanton trespass and destruction and removal of timber therefrom are to be measured by the loss of the value of the freehold

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur, Trespass § 81.
[2, 3] 34 Am Jur, Logs and Timber § 137; 52 Am Jur, Trespass § 58.
[2, 3] Applicability of statutes providing for multiple damages or penalty for wrongful trespass as affected by the defendant's purpose or intent.  111 ALR 79.
[4] 52 Am Jur, Trespass § 75 *et seq.*

interests of the owner as a result of the cutting and carrying away of the timber (CL 1948, § 692.451).

3. SAME—TREBLE DAMAGES—CLEAN-UP COSTS.

Trial court's trebling of damages awarded by jury to plaintiff, freehold owner, upon whose lands defendant had admittedly trespassed and cut and removed timber was proper even though the jury's verdict included clean-up costs (CL 1948, § 692.451).

4. SAME—VALUE—EXPERT WITNESSES.

It was not error to permit one expert witness to testify as to value of premises after defendant had trespassed thereon and cut and removed timber therefrom, although not permitting him to testify as to value of the timber before the trespass, where another expert was permitted to testify as to value before the trespass and damage done and the first expert had not inspected the premises before the trespass (CL 1948, § 692.451).

Appeal from Livingston; Carland (Michael), J. Submitted April 10, 1956. (Docket No. 53, Calendar No. 46,655.) Decided June 4, 1956.

Case by Paul C. Miller, Jr., Arthur James Miller, and Rosemary Miller Bourns against Darwin Wykoff for treble damages for wilful trespass in cutting of timber. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Martin J. Lavan,* for plaintiffs.

*Clark, Klein, Brucker & Waples,* for defendant.

KELLY, J. Plaintiffs commenced an action for treble damages under the provisions of Rev Stat 1846, ch 111, as amended by PA 1915, No 111 (CL 1948, § 692.451 [Stat Ann § 27.2161]), claiming defendant wilfully and wantonly trespassed upon their land and destroyed and removed timber therefrom. The jury found the trespass to be wilful and assessed damages at $1,500. The court tripled the verdict of $1,500, and entered judgment of $4,500. A motion for new trial was denied, and defendant appeals.

Defendant admitted the trespass, but submits that the clear weight of the evidence supported his contention that the trespass was casual and involuntary and that the court erred in not so instructing the jury. The record discloses that the court properly submitted this question to the jury and that there was evidence to support the jury's verdict.

The main question presented is whether the court erred in trebling the damages. Appellant in his brief states:

"In seeking to prove their damages, appellees produced 2 witnesses of importance. W. C. Randall testified as to the amount of timber cut, and its value. With this testimony, appellant has no quarrel. Laurence Kuehn then testified that in his estimate it would cost $1,000 to clean up the tree tops and debris left on appellees' property, and to fill stump holes."

Appellant contends that the trebling of damages should have been confined to the value of the timber cut and should not have included the $1,000 cleaning-up cost.

This Court has held that damages in cases of this kind should be measured by the loss of the value of the freehold interests of the owner as the result of the cutting and carrying away of the timber. See *Achey v. Hull,* 7 Mich 423; *Bockes v. McAfee & Son Co.,* 165 Mich 7; *Connor v. McRae,* 193 Mich 682.

Defendant cites *Achey v. Hull, supra,* where this Court stated (p 429):

"The statute in question is not framed to protect possessory rights, but was made to give to the owners of the fee a right to sue, in the form of trespass, for enumerated injuries to their inheritance."

Defendant then argues that the cost of cleaning up the premises "affects the *enjoyment* and *use* of the

possessor." In *Achey* v. *Hull, supra,* the Court further said (pp 430, 431):

"The statute, fairly construed, would include not merely the value of the timber or wood cut, but such damages as accrued to the freehold by their destruction."

We cannot agree with appellant that the court erred in trebling damages.

Defendant called L. Harold Crandall as an expert witness. When it was disclosed that Crandall had not inspected the property prior to the cutting of the timber, the court did not allow him to testify as to the value of appellees' property prior to the trespass, but did not prohibit him from testifying as to the value of the property following the trespass. This did not constitute reversible error, especially in view of the fact that defendant did call to the stand an expert witness, a lifelong resident of the county, who, in addition to being engaged in the timber business, also owned a large amount of farm land in the same township. This witness had previously been over the property in question before the timber was cut and he was allowed to testify as to the damage done by the trespass. We do not believe that the trial court's refusal to permit Crandall's testimony as to the loss of value to the freehold constituted the reversible error complained of.

Judgment affirmed. Costs to appellees.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.