KELLY v. FINE.

1. Trespass—Damages—Mental Anguish—Loss of Use of Property.

Recovery of damages for mental anguish and for loss of use and enjoyment of portion of property from which defendant had removed soil were not proper elements of damages in action of trespass for removal of topsoil wherein recovery of treble damages was sought (CL 1948, § 692.541).

2. Same—Treble Damages—Intent.

Provisions of treble damage statute are applicable in action of trespass, where the trespass was intentional and with knowledge that it was without right, it being unnecessary to show malice or desire to injure to warrant imposition of punitive damages (CL 1948, § 692.541).

3. Same—Treble Damages—Evidence.

Liability for treble damages was properly submitted to jury and its verdict for plaintiffs on such issue was justified, where there was evidence that defendant had removed topsoil from plaintiffs' lot after his company had sold it to plaintiffs regardless of plaintiffs' protest, notwithstanding contract had previously been entered into between the company and the Federal housing administration for grading entire block including plaintiffs' lot, a contract of which plaintiffs had no knowledge at time of purchase (CL 1948, § 692.541).

4. Same—Treble Damages—Evidence—Remittitur.

Judgment for $6,000 is reversed and case is remanded for new trial, unless plaintiff files a remittitur of $2,250, where evidence adduced in trespass action in which treble damages were sought

---

References for Points in Headnotes

[1] 52 Am Jur, Trespass § 49.
[2–4] 52 Am Jur, Trespass §§ 58, 59.
   Applicability of statutes providing for multiple damages or penalty for wrongful trespass as affected by defendant's purpose or intent. 111 ALR 79.
[5] 14 Am Jur, Costs § 92.

failed to support a verdict in excess .of $1,250 (CL 1948, § 692.541).

5. COSTS—REMITTITUR.

No costs are allowed on appeal from judgment in action of trespass, where remittitur is required as a condition for affirmance.

Appeal from Ingham; Coash (Louis E.), J. Submitted June 4, 1958. (Docket No. 18, Calendar No. 47,481.) Decided October 16, 1958.

Trespass by Lorne E. Kelly and Christine R. Kelly against Francis Fine for treble damages for removal of topsoil. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed conditionally.

*H. Donald Bruce,* for plaintiffs.

*Barnard Pierce* (*Milton M. Maddin,* of counsel), for defendant.

DETHMERS, C. J. Suit is for damages for removal of topsoil from plaintiffs' lot. Defendant appeals from judgment for plaintiffs entered on jury verdict.

Defendant was manager of a construction company which had developed a new subdivision for housing. Plaintiffs purchased one of the lots from the company which contracted to construct a house on it for them at a price of $13,600 for the house and lot. The subdivision had been accepted for financing by the Federal housing administration which had included among its requirements a "block" grading plan. Plaintiffs did not finance through the Federal housing administration and it does not appear that they had knowledge of the company's commitment to that administration with respect to the grading plan.

When the house was completed plaintiffs moved in and paid the full price, except for $350 which

was placed in escrow to guarantee the company's completion of the outside work, including sidewalks, driveway, porch steps and grading up the lawn. Thereafter, defendant caused earth-moving machinery to enter upon plaintiffs' property and to remove, as plaintiffs claim, 544 cubic yards of earth and to place it on other lots in the subdivision. When this operation began, plaintiffs objected and protested to defendant and did so again before it was completed. Despite their objections, the removal continued.

In his opening statement counsel for plaintiffs said that their testimony would show, as one of plaintiffs and their expert witness, a landscaper, subsequently did testify, that it would cost $1,250 to replace the soil and restore the lot to its former condition. There was no other testimony or proof of damages. Although plaintiffs, in their declaration and their counsel's opening statement, claimed the right to recover for mental anguish and for loss of use and enjoyment of a portion of their property, at trial plaintiffs' counsel, upon objection thereto on the ground that these did not constitute proper elements of damage, withdrew his question to one of plaintiffs with respect to such damages and conceded that the objection thereto was proper.

The court instructed the jury that they might return 1 of 3 verdicts, namely, verdict for plaintiffs based upon a finding of willful and wanton trespass, verdict for plaintiffs based upon a finding of casual and involuntary trespass, or verdict of no cause for action in favor of defendant. The jury returned a verdict for plaintiffs in the amount of $2,000, finding expressly that the defendant had been guilty of willful and wanton trespass. Applying the treble damages provisions of CL 1948, § 692.451 (Stat Ann § 27.2161), the court entered judgment for $6,000 plus costs.

On appeal defendant contends that the provisions of the mentioned statute for trebling damages are not applicable here because there was no evidence which would permit the jury to find, as it did, a willful and wanton trespass and that such punitive damages may be included in the judgment only when it is established that defendant's trespass was committed with willfulness, malice or evil design and intent to cause damage. In this connection, Michigan trespass cases cited are *Allison* v. *Chandler*, 11 Mich 542; *Russell* v. *Myers*, 32 Mich 522; *Winchester* v. *Craig*, 33 Mich 205; and *Kilgannon* v. *Jenkinson*, 57 Mich 325. In these cases it was held that a trespass committed by a defendant who acted in good faith and under an honest belief that he had a legal right to do the act complained of, or who had probable cause for supposing so, does not warrant the addition of punitive damages. They do not support the position that there must be a showing of malice or desire to injure before the statute may be invoked, but it is enough if it be shown that the trespass was intentional and with knowledge that it was without right. The language of the statute itself requires no such showing as contended for by defendant.* In the instant case, the court, following *Miller* v. *Wykoff*, 346 Mich 24, left to the jury, in clear terms, the question whether the trespass, if any, was casual and involuntary or willful and wanton. The jury

---

* CL 1948, § 692.451 (Stat Ann § 27.2161):

"Any person who shall cut down or carry off, any wood, underwood, trees or timber, or shall girdle or otherwise despoil or injure any trees on the land of any other person, or shall dig up or carry away any stone, ore, gravel, clay, sand, turf, or mould from such land, or any roots, fruit or plant there being, or cut down or carry away any grass, hay, or any kind of grain standing, growing or being on such land, without the leave of the owner thereof, or on the lands or commons of any city, township, village or other corporations without license therefor given, shall be liable to the owner of such land, or to such corporation, in 3 times the amount of damages which shall be assessed therefor in an action of trespass, by a jury, or by a justice of the peace in the cases provided by law."

found the latter. There was ample proof to support the finding. Even though it be conceded that the company had entered into an agreement with the Federal housing administration with respect to a "block" grading plan, it does not appear that it had advised the plaintiffs thereof before selling the lot to them. Defendant knew, or should have known, that plaintiffs were not bound by such agreement and that he had no right whatsoever to remove soil from the lot bought, paid for and owned by them. Despite all this, defendant caused the soil removal to proceed over plaintiffs' protests. The court did not err in applying the statute.

Defendant relies on *Miller* v. *Wykoff, supra,* as authority for the proposition that the measure of damages in a case such as this must be the difference in value of the freehold before and after the trespass. Because there was no testimony concerning the value of the property either before or after the trespass, defendant insists that there was no basis for determining the amount of the loss of value of the freehold and that, accordingly, the verdict could not properly have been for more than nominal damages. We think it consistent with *Miller* v. *Wykoff,* however, to hold that proofs that it would cost $1,250 to restore the lot to its condition before the trespass constituted evidence from which the jury might make a determination of the loss to the freehold.

Defendant says that the verdict for $2,000 was against the great weight of the evidence and that there was no evidence or proof to support a verdict in excess of the sum of $1,250. The record bears out this contention. Accordingly, the judgment must be reversed and new trial granted unless plaintiff shall, within 30 days after filing of this opinion, file a remittitur of $2,250; but, upon filing of such remit-

titur, judgment for plaintiff will stand affirmed in the amount of $3,750.   No costs.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.

