IACOBELLI CONSTRUCTION COMPANY, INC v THE WESTERN
CASUALTY & SURETY COMPANY

Docket No. 63857. Submitted March 14, 1983, at Detroit.—Decided
November 7, 1983.

Iacobelli Construction Company, Inc., entered onto the land of
Wayne and Alta Stoddard and dug up a portion of the yard in
order to install sanitary sewer lines. There was some dispute
between the Stoddards and Iacobelli regarding the manner in
which the work was to be performed and, ultimately, the
Stoddards brought an action in district court against Iacobelli
for damages for trespass. The district court jury found in favor
of the Stoddards and that the trespass was deliberate and
intentional and awarded treble damages. Iacobelli was insured
by the Western Casualty & Surety Company which defended
the district court action but, upon the jury's finding that the
trespass was intentional, informed Iacobelli that it was not
responsible for payment of the judgment and would not partici-
pate in an appeal. Iacobelli did appeal to the circuit court,
which affirmed the district court judgment. Meanwhile, Iaco-
belli brought the instant declaratory action against Western
Casualty, seeking: a determination that Western Casualty had
a duty to represent Iacobelli on appeal, attorneys fees for the
appeal to circuit court, and a declaration that the underlying
judgment came within the coverage of the insurance policy.
The Oakland Circuit Court, Alice L. Gilbert, J., granted sum-
mary judgment in favor of Iacobelli, requiring Western Casu-
alty to pay the amount of the judgment plus interest and

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur 2d, Insurance § 1405.
[2] 75 Am Jur 2d, Trespass § 60.
[3] 75 Am Jur 2d, Trespass § 6.
[4] 44 Am Jur 2d, Insurance § 1409.
[5] 43 Am Jur 2d, Insurance § 269.
[6] 44 Am Jur 2d, Insurance § 1407.
[7] 44 Am Jur 2d, Insurance §§ 1407, 1417.
[8] 44 Am Jur 2d, Insurance § 1772.
[9] 75 Am Jur 2d, Trespass § 83.

attorney fees for both the appeal to circuit court and the declaratory action. Western Casualty appealed. *Held:*

1. The insurance policy includes coverage for injury or property damage not intended by the insured. The verdict in district court precludes any claim by Iacobelli, in this action, that the trespass was not intentional. The issue thus becomes whether the injury to the property was intentional. On the facts of this case the jury's finding that the trespass was intentional encompasses a finding that the injury was intentional. The acts of Iacobelli were such that the injury must have been anticipated and intended. Therefore, the injury was outside the scope of the insurance policy, and the trial court erred in finding otherwise.

2. Western Casualty's duty to defend extended beyond the rendition of the district court judgment and encompassed a duty to represent the insured on the appeal of that judgment. Because this duty was breached, the insured is entitled to the cost of that appeal and reasonable attorney fees therefor.

3. The trial court erred in awarding attorney fees for the instant declaratory judgment action.

Affirmed in part, reversed in part.

T. M. Burns, P.J., dissented. He would hold that there is a factual dispute over whether the injury to the property was intentional or accidental and that the jury's finding of an intentional trespass did not necessarily constitute a finding of intentional injury. He would remand for a hearing to determine whether the injury was accidental. If so, Western Casualty is liable for payment of the judgment.

## Opinion of the Court

1. Insurance — Duty To Defend.

An insurer's duty to defend its insured is broader than its duty to pay or the limits of its policy coverage.

2. Trespass — Damages — Treble Damages.

Treble damages, which may be awarded under certain circumstances in an action for trespass, may not be awarded where the trespass was merely negligent, rather than intentional and deliberate (MCL 600.2919; MSA 27A.2919).

3. Trespass — Intentional Injury.

A valid distinction may be drawn between the intent to do an act, which results in injury, and the intent to do injury; whether

the injury is considered to be intentional depends upon the facts and circumstances of the case.

4. INSURANCE — DUTY TO DEFEND.

The duty of an insurer to defend the insured depends upon the allegations in the complaint of the third party in the action against the insured and is not limited to meritorious suits but may extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured even arguably come within the policy coverage; the insurer has a duty to defend if there are any theories of recovery that fall within the policy, and in a case of doubt as to whether the complaint against the insured alleges a liability of the insurer under the policy the doubt must be resolved in favor of the insured.

5. INSURANCE — POLICY LANGUAGE — JUDICIAL CONSTRUCTION.

Generally, ambiguous language in insurance contracts is to be construed against the insurance company and in favor of the insured.

6. INSURANCE — DUTY TO DEFEND — DUTY TO PURSUE APPEAL.

An insurance company will be expected to proceed with an appeal, if requested by an insured, if it has written a broad "duty to defend" clause into its insurance contracts.

7. INSURANCE — DUTY TO DEFEND — DUTY TO PURSUE APPEAL — ATTORNEY FEES.

An insured is entitled to recover the cost of an appeal and reasonable attorney fees where the insurer breaches its duty to defend by wrongfully refusing to pursue the appeal on behalf of the insured.

8. INSURANCE — ATTORNEY FEES.

An insured may not be allowed attorney fees in excess of taxable costs for a declaratory action brought against his insurer to enforce insurance coverage.

DISSENT BY T. M. BURNS, P.J.

9. TRESPASS — INTENTIONAL INJURY — QUESTION OF FACT.

*Whether a defendant construction company in an action for trespass intended to injure the plaintiff landowner by performing work on the land is a question of fact where the evidence indicates that the parties had been negotiating over the manner in which the work was to be done; accordingly, the question of intentional injury should not be decided on a motion for summary judgment.*

*Martin, Bacon & Martin, P.C.* (by *Stuart A. Fraser*), for plaintiff.

*Seavitt, Westcott, Stowe & Magnuson* (by *Donald R. Dillon, Jr.*), for defendant.

Before: T. M. Burns, P.J., and Cynar and P. J. Marutiak,* JJ.

Cynar, J. This appeal is from a summary judgment in an action for declaratory relief wherein plaintiff sought payment of a judgment rendered against it and attorney fees incurred in plaintiff's appeal of the unfavorable judgment from the district court to the circuit court. The district court suit was a trespass action instituted against plaintiff by Wayne and Alta Stoddard. Defendant had issued plaintiff a general comprehensive liability insurance policy, which was in effect at the time of the trespass. Summary judgment was granted in favor of plaintiff in the declaratory judgment action by order of March 31, 1982, from which defendant appeals as of right. Defendant further appeals as of right from that part of the court's order which awarded attorney fees for prosecuting the instant declaratory judgment action and for defending an interlocutory appeal in connection therewith.

On April 16, 1979, the Stoddards (Stoddard) filed suit against plaintiff in district court, alleging that on January 11, 1979, plaintiff entered upon Stoddard's property with knowledge that it was Stoddard's property and that Stoddard had not consented to the entry. Plaintiff proceeded to dig up Stoddard's yard with earthmoving equipment in order to install sanitary sewer lines. Damage was done to Stoddard's land and grass and to a cherry

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tree. Stoddard sought treble damages pursuant to MCL 600.2919; MSA 27A.2919. Stoddard further alleged that, subsequent to a request that plaintiff leave the premises, the parties initiated negotiations for an easement from Stoddard to plaintiff to allow a temporary roadway on Stoddard's property, enabling traffic on the street abutting the property to pass. Plaintiff's construction had impeded traffic on the street.

During these negotiations, plaintiff stated its intent to use and pay for the proposed easement and, in reliance thereon, Stoddard retained the services of an attorney and a surveyor. The benefits expected from the retention of these services never came to fruition due to plaintiff's refusal to negotiate further regarding the easement. The district court jury found that plaintiff trespassed on Stoddard's land and that the trespass was not "casual and involuntary, but deliberate and intentional". Mr. and Mrs. Stoddard were awarded $2,000 in damages, which amount was trebled according to statute. Interest was also assessed.

At the time of these events, plaintiff had a contract of general comprehensive liability insurance with defendant. Defendant took up plaintiff's defense in the Stoddard action but with an express reservation.[1]

---

[1] "[I]f the damage is proved by the plaintiff [Stoddard] to have been the result of an intentional act then said damage will not be covered by the terms of your policy of insurance and the obligation to pay said judgment will be yours and not the obligation of The Western Casualty & Surety Company. Further insofar as Count I is concerned, this is to advise that the plaintiff has included in the ad-damnum treble damages. This is to advise that your policy of insurance does not include treble damages. In the event damages based on this ad-damnum is awarded the treble damages will not be the responsibility of The Western Casualty & Surety Company.

\* \* \*

"Notwithstanding the fact that there is a distinct possibility that some or all of the provable allegations in the Complaint are not

Upon rendition of the district court jury verdict that plaintiff's trespass was intentional, defendant insurance company advised plaintiff on December 12, 1979, that it was not responsible for any part of the judgment and would not participate in an appeal. On December 18, 1979, plaintiff appealed the jury verdict in the trespass suit to the circuit court, apparently claiming as error that the jury instructions were inadequate. The district court jury had been asked whether the trespass was casual and involuntary or intentional and deliberate. Negligent trespass was not one of the choices. On December 9, 1980, the circuit court affirmed the judgment of the district court. In the meantime, on February 12, 1980, plaintiff filed this action for declaratory relief, seeking a determination that defendant had a duty to represent plaintiff on appeal and seeking attorney fees for plaintiff's appeal to the circuit court, as well as a declaration that the underlying judgment came within the coverage of the insurance policy between the parties.

Ultimately, a hearing was held on both plaintiff's and defendant's motions for summary judgment. The court granted plaintiff's motion on all points which are now appealed by defendant and denied defendant's motion. The court's order required defendant to pay $6,743.01, the amount of the judgment against plaintiff in the trespass action plus 12% interest thereon, and $4,589 for attorney fees incurred in pursuing the instant

covered by the terms of your liability insurance policy The Western Casualty & Surety Company is willing to render a defense on the Complaint so long as it is distinctly understood that any judgment rendered will be the obligation only of The Western Casualty & Surety Company if such judgment is rendered on a theory which is covered by the terms of your policy of liability insurance and, if so, that on each such judgment you will be responsible for the first $250.00." (Defendant's letter of May 16, 1979, to plaintiff.)

action, including plaintiff's defense of defendant's prior application for leave to appeal to this Court and for plaintiff's appeal of the trespass judgment to the circuit court.

## I

The first issue is whether the trespass and the resulting damage established in the trespass suit were covered by the insurance policy between plaintiff and defendant.

Initially, it is noted that an insurer's duty to defend is broader than its duty to pay or the limits of its policy coverage. These obligations are not synonymous. *Palmer v Pacific Indemnity Co,* 74 Mich App 259, 263-264; 254 NW2d 52 (1977), *lv den* 401 Mich 808 (1977). See, also, *Stockdale v Jamison,* 416 Mich 217; 330 NW2d 389 (1982); *City Poultry & Egg Co v Hawkeye Casualty Co,* 297 Mich 509; 298 NW 114 (1941). Thus, defendant's liability on the trespass judgment does not affect the disposition of the remaining issues.

The relevant language of the disputed insurance policy is:

"Coverage B—Property Damage Liability
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

\* \* \*

"B. property damage
"to which this insurance applies, caused by an *occurrence,* and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any

claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

\*   \*   \*

"DEFINITIONS

\*   \*   \*

" '[O]ccurrence' means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

\*   \*   \*

" '[P]roperty damage' means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period." (Emphasis added.)

Defendant properly asserts that the special verdict in the underlying trespass action precludes any claim that the trespass was not intentional. Plaintiff maintains that the trespass was at most negligent and that the verdict is not conclusive because the jury was not given the choice of negligent trespass. Treble damages under MCL 600.2919; MSA 27A.2919 may not, however, be awarded where the trespass was merely negligent. See *Connor v McRae,* 193 Mich 682; 160 NW 479 (1916); *Michigan Land & Iron Co v Deer Lake Co,* 60 Mich 143, 146; 27 NW 10 (1886), each construing a predecessor statute. Not only does the special verdict indicate that the trespass was intentional and deliberate, precluding plaintiff's assertion that it was only negligent, but the final judgment awarding treble damages necessarily included the finding that the trespass was not merely negligent.

The award of treble damages being a final judgment and binding upon plaintiff, plaintiff is precluded from now asserting that the trespass was not intentional.

Although the finding of intentional and deliberate trespass and the award of treble damages preclude a claim that the trespass was negligent, such a finding does not by itself indicate that the plaintiff acted with malice or an intent to do injury, because the treble-damage statute may be invoked without such a showing. *Kelly v Fine,* 354 Mich 384, 387; 92 NW2d 511 (1958), construing a predecessor statute. The crucial inquiry becomes whether a distinction should be drawn between the intent to do the act and the intent to do injury.

In *Morrill v Gallagher,* 370 Mich 578; 122 NW2d 687 (1963), the Supreme Court held that, where the insurance policy excludes intentional *injury,* it must be demonstrated that the injury was intentional; an intentional *act* alone is insufficient. See, also, *Vermont Mutual Ins Co v Dalzell,* 52 Mich App 686, 692-693; 218 NW2d 52 (1974), *lv den* 392 Mich 803 (1974). In both *Morrill* and *Dalzell,* there was no finding that the injury was intended. Based on the language of the insurance policy, the injury was deemed to come within the insurance coverage.

Defendant argues that the distinction between intentional act and intentional injury is immaterial, citing *Group Ins Co of Michigan v Morelli,* 111 Mich App 510; 314 NW2d 672 (1981), and *Kermans v Pendleton,* 62 Mich App 576; 233 NW2d 658 (1975), wherein coverage was denied in the face of arguments that the injury was unintentional. *Morelli* and *Kermans,* however, did not hold that such distinction was immaterial but,

rather, that there had actually been a finding in each case that the injury was intentional.

"*Under the facts and circumstances of the underlying trial,* we are persuaded that the factual finding that defendant committed the intentional tort of assault and battery also encompasses the corollary finding that the defendant must have intended the injury." (Emphasis added.) *Morelli, supra,* pp 515-516.

Thus, the distinction is valid. The issue is whether the underlying trial established that the injury was intentional.

Under the facts and circumstances of the underlying trial for this case, we are persuaded that the factual finding that plaintiff committed an intentional trespass also encompasses the corollary finding that plaintiff intended the injury. We have no difficulty in concluding that, in this case, the act of bringing earthmoving equipment onto Stoddard's property and proceeding to dig up Stoddard's yard to install sanitary sewer lines was such that injury must have been anticipated and indeed intended; it was thus outside the scope of the instant policy. See *Morelli, supra,* pp 515-516; *Kermans, supra,* p 580.

II

The second issue is whether defendant's duty to defend extended to plaintiff's appeal of the trespass suit to the circuit court and, if so, whether plaintiff was entitled to attorney fees for that appeal.

"The duty of the insurer to defend the insured depends upon the allegations in the complaint of the third party in his or her action against the insured. This duty is not limited to meritorious suits and may even extend

to actions which are groundless, false, or fraudulent, so long as the allegations against the insured *even arguably* come within the policy coverage. An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. * * * In a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor." (Emphasis in original. Citations omitted.) *Detroit Edison Co v Michigan Mutual Ins Co,* 102 Mich App 136, 141-142; 301 NW2d 832 (1980).

Stoddard's complaint alleged two separate trespasses, one on January 8, 1979, and the other on January 11, 1979. Because the jury was given two possible verdicts, *i.e.,* a casual (and involuntary) or an intentional (and deliberate) trespass, the possibility of finding an unintentional trespass placed Stoddard's claims squarely within defendant's duty to defend.

Defendant's duty to defend did not, however, terminate upon the rendition of the district court jury verdict.

"Generally, ambiguous language in insurance contracts must be construed against the insurance company and most favorably to the premium-paying insured. * * * The insurance company did not limit its duty to defend, as it could, and the insured could reasonably expect the company to take an appeal from an adverse judgment. Thus, we hold that an insurance company will be expected to proceed with an appeal, if requested by an insured, if it writes a broad 'duty to defend' clause into its insurance contracts. * * * The insured is entitled to be defended by the insurer at both the trial level as well as the appellate level unless otherwise specifically set forth in the contract of insurance." (Citation omitted.) *Palmer v Pacific Indemnity Co, supra,* p 265.

Defendant argues that *Palmer* is distinguishable. We are not persuaded that the distinctions are significant. We note in particular an additional portion of the analysis in *Palmer:*

"The defendant, Pacific Indemnity, asserts that the 'duty to defend' on appeal should be conditioned upon whether the insurer reasonably believes that there are grounds for an appeal. The primary problem with this approach is that only if the insurance company declines to appeal, the insured seeks its own counsel and appeals alone, and wins, will it be absolutely determined that the insurance company erred and that reasonble grounds existed. This places a harsh burden upon the insured, particularly in a case such as this, where the limits of the policy are substantially below the amount of the judgment. Moreover, the mere fact that one appeals and loses does not necessarily imply that the grounds for appeal were not reasonable." *Palmer, supra,* p 264.

These policy considerations are equally applicable here. To allow the insurer to determine when there is no coverage is to place a great burden on the insured. This is especially true where, as here, plaintiff appealed, claiming as error that the jury was not afforded the opportunity to pass on the issue of whether the trespass was merely negligent. If plaintiff's claim had ultimately been vindicated on appeal, there would have been coverage.

Under the circumstances of this case, we find the rationale of *Palmer* persuasive in concluding that defendant breached its duty to defend. Where such breach occurs, the insured is entitled to the cost of the appeal and reasonable attorney fees. See *Palmer, supra,* p 265.

### III

Defendant's final issue is whether plaintiff was

properly awarded attorney fees for prosecuting this declaratory judgment action and in defending an interlocutory appeal in connection with this case.

The trial court deemed this declaratory action to be, in effect, an action to enforce the payment of a judgment, falling outside the confines of a traditional declaratory judgment action where no attorney fees would be awarded. Additionally, plaintiff argues that attorney fees should be awarded as consequential damages for defendant's breach of its duty to defend.

Although certain portions of this declaratory judgment action might be deemed as seeking consequential damages, in a case identical to this one, where the insured instituted a declaratory judgment action to ascertain the extent of the insurer's duty to defend, the Court stated:

"Although actual attorneys' fees for the insured's defense of an action by a third party are recoverable from the insurer which breaches its duty to defend, the established rule in Michigan is that the insured may not be allowed attorneys' fees in excess of taxable costs for the declaratory action to enforce insurance coverage. *Cooley v Mid-Century Ins Co,* 52 Mich App 612; 218 NW2d 103 (1974); *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). The trial judge erred in awarding $1,722.50 in actual attorneys' fees for the action below." *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62, 65-66; 250 NW2d 541 (1976).

*Shepard Marine* appears to be dispositive of this issue. It was improper to award attorney fees for the instant action, despite the fact that they might be viewed as consequential damages by plaintiff.

### Conclusion

We conclude that the lower court erred by granting summary judgment to plaintiff; the resulting damage established in the trespass suit was not covered by the insurance policy between plaintiff and defendant. The lower court also erred by awarding attorney fees to plaintiff for prosecuting and defending matters pertinent to this declaratory action. The lower court, however, properly found that defendant's duty to defend extended to plaintiff's appeal of the trespass suit and properly found plaintiff to be entitled to attorney fees for that appeal.

Affirmed in part; reversed in part.

P. J. MARUTIAK, J., concurred.

T. M. BURNS, P.J. *(dissenting)*. I dissent because I am unable to agree with the majority's finding that the act of bringing construction equipment on the property of the original plaintiffs, the Stoddards, establishes that Iacobelli Construction, the instant plaintiff, intended to injure the Stoddards' property. The record clearly shows that this is a disputed issue of fact which should not be resolved on this appeal.

The majority correctly recognizes that the issue is whether the underlying trial established that the injury was intentional. Upon considering the summary judgment motion in the instant case, the trial judge did not believe that the underlying trial established that the injury was intentional:

"*The Court:* Do you read that as intentionally going on the property is the same thing as intentionally causing the damage? Because if I recall, the jury found that the act was intentional of going on the property,

but I don't believe they made any finding of fact that the damages were intentional.

"*[Defense Counsel]:* I don't believe it could be any other finding other than their actions did result in an intentional damage.

"*The Court:* The intention was the trespass, really, intentionally going on the property. You're not being asked to pay for intentionally going on the property, but for the damages that resulted therefrom."

The record also shows that there may have been an agreement between the Stoddards and Iacobelli Construction Company to continue with the construction work. Iacobelli continued with this work while it thought that this agreement was being reduced to writing. Unfortunately, this agreement was not reduced to writing and Iacobelli was found guilty of trespass for bringing the equipment on the land to accomplish this work. After considering this evidence, the trial judge found:

"[I] believe that the jurors' findings of an intentional trespass are not the same as intentionally inflicted damages; that the policy, as it refers to an occurrence, is an accident. An accident can be one that includes negligence. And the only thing that the transcript indicates down below that there was negligence involved. The trespass was intentional."

The majority's reliance on *Group Ins Co of Michigan v Morelli,* 111 Mich App 510; 314 NW2d 672 (1981), and *Kermans v Pendleton,* 62 Mich App 576; 233 NW2d 658 (1975), is misplaced. In *Kermans, supra,* this Court found that a bartender who intentionally shot at a patron intended to injure him. This Court noted that the trial judge in that case found:

"There was no allegation of self-defense or accident

on behalf of the Principal Defendant, and this Court has no difficulty in determining that where there is no allegation of provocation, negligence or accident, that the pointing of a firearm at another human being and discharging same is of itself an intentional act, and one whereby the actual result could be anticipated, and thus outside the scope of the instant policy." *Kermans, supra*, p 580. (Citations omitted.)

The instant case is distinguishable since there is a clear allegation that Iacobelli continued with the construction work under the mistaken impression that the agreement with the Stoddards was being reduced to writing. I find it hard to believe that a construction company intends to injure property owners by performing work the owners agreed to have done. *Morelli, supra*, like *Kermans, supra*, involved an unprovoked assault. I would not equate the construction company's actions with an unprovoked assault. In fact it appears that the Stoddards encouraged Iacobelli's actions by orally consenting to have the work performed.

While the facts of the instant case show that plaintiff intended to do the work the Stoddards later complained of, there is certainly a factual dispute as to whether plaintiff intended to injure the Stoddards. Certainly, the Stoddards were not injured if they gave permission for the continuance of this work pending finalization of a written agreement. The mere fact that Iacobelli moved construction equipment on the Stoddards' property does not establish an intent to injure the property. Construction work is usually performed with the intent to improve property. I would remand this case for a hearing to determine if the injury was accidental. If it was, Western Casualty should be required to reimburse Iacobelli for the damages paid to the Stoddards.