TURNER v BURCH

Docket No. 89541. Submitted October 15, 1986, at Detroit. Decided
November 17, 1986.

Howard Turner and Sally Turner filed an action in the St. Clair
Circuit Court against Richard Burch and Jeanette Burch.
Plaintiffs alleged that defendants trespassed on a section of real
property plaintiffs owned by constructing a roadway on the
property. Richard Burch, doing business as Burch Excavating
Company, was added as an additional defendant. When Hawk-
eye Security Insurance Company, Burch Excavating's general
business liability and business motor vehicle insurer, denied
coverage and refused to defend Burch Excavating, defendants
filed a third-party action against Hawkeye Security. Following
a bench trial in the third-party action, the circuit court, James
T. Corden, J., found that the provisions in the policies exclud-
ing coverage for any damage caused intentionally by the in-
sured did not apply. Hawkeye Security appealed.

The Court of Appeals held:

1. Both an intentional act and an intent to cause injury must
be found to make the exclusion effective. In this case, Richard
Burch did not intend to cause injury to the Turners' property.

2. The trial court did not clearly err in finding that Richard
Burch was doing business as Burch Excavating when he did the
acts complained of by the plaintiffs.

Affirmed.

INSURANCE — EXCLUSIONS — INTENTIONAL ACTS AND INJURIES.

An insurance policy provision which excludes liability coverage
for injury or destruction caused intentionally by or at the
direction of the insured is effective only where there is both an
intentional act and an intentionally caused injury.

REFERENCES

Am Jur 2d, Insurance § 708.

Construction and application of provision of liability insurance ·
policy expressly excluding injuries intended or expected by in-
sured. 31 ALR4th 957.

Liability insurance as covering accident, damage, or injury due to
wanton or wilful misconduct or gross negligence. 20 ALR3d 320.

*Knowles & Nickerson* (by *Robert Nickerson*), for Richard Burch, Jeanette Burch, and Richard Burch, doing business as Burch Excavating Company.

*Luce, Henderson, Bankson, Heyboer & Lane* (by *Peter Shane Burleigh*), for Hawkeye Security Insurance Company.

Before: R. S. GRIBBS, P.J., and HOOD and R. R. FERGUSON,* JJ.

PER CURIAM. On or about May 27, 1981, plaintiffs Howard Ellis Turner and Sally Turner sued defendants Richard and Jeanette Burch in St. Clair Circuit Court. Plaintiffs alleged that defendants, without their permission, entered onto the southeast corner of a parcel owned by plaintiffs, removed trees, installed a cement culvert, removed fencing, and developed a roadway on plaintiffs' property. Defendants filed a counter-complaint, contending that they had acquired a permanent easement by prescription or had acquired a portion of plaintiffs' parcel by adverse possession.

Plaintiffs moved to add as an additional party the Burch Excavating Company, and that motion was granted. When the amended complaint was forwarded to Burch's insurance carrier, Hawkeye Security Insurance Company, Hawkeye informed Burch's counsel that it was denying coverage and refused to defend the amended complaint. Richard Burch, doing business as Burch Excavating, moved to add Hawkeye as a third-party defendant. The motion was granted and Burch Excavating Company filed a third-party complaint against Hawkeye.

On November 13, 1985, the circuit court held a

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

bench trial in the third-party action. The parties stipulated that the general business liability policy and the business motor vehicle policy covering Burch were continuously in effect from 1978 through the time of trial.

The trial court ruled as follows:

> The court finds that the Burches honestly believed that they had an easement over the disputed property, and sufficient evidence was introduced to support this belief.
>
> The court further finds that the Burch Excavating Company is an independent, identifiable business entity whose operations and vehicles were covered by liability insurance issued by Hawkeye Insurance Company, as evidenced by plaintiff's exhibits one and two, during the period in question in the underlying Turner-Burch action; that although Richard Burch in his excavating capacity . intended to do the work constituting the drainage improvement, he did not intend in any way to injure or damage the Turners.
>
> Parenthetically, the court determines that Burch Excavating Company here was in the same position as it would be if one of its clients ordered work done on property which proved to be a trespass, a situation where there would be no intent whatsoever to injure the rightful owner, and coverage would undoubtedly be afforded in those circumstances.
>
> Further, independent character of the work in question is supported by the H.S.C. recognition that it was dealing with Burch as a farmer, and also Burch as an excavating contractor.
>
> The foregoing supports a conclusion that the acts of Richard Burch under the commercial multi-cover policy, Exhibit one, were within the definition of the occurrence which states, an accident which results from property damage neither expected or intended, intended from the standpoint of the insured; and also as to the auto policy,

the acts of Richard Burch were not intentional under Paragraph "E" of the exclusions.

The court relies on Michigan Court of Appeals case *Iacobelli* against *Western Casualty*, which was cited in Third Party Plaintiff's brief, as authority for this decision.

On appeal, Hawkeye raises two issues. First, it argues that the acts of Richard Burch in constructing the culvert across the Turner property were voluntary and intentional and property damage was the natural result of those acts, so that coverage was excluded under the insurance policies.

When a homeowner's insurance policy excludes from coverage injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured, both an intentional act and an intent to cause injury must be found for the exclusion to be effective, *Linebaugh v Berdish,* 144 Mich App 750, 755; 376 NW2d 400 (1985). The same is true when a general comprehensive liability policy is involved, *Iacobelli Construction Co, Inc v The Western Casualty & Surety Co,* 130 Mich App 255; 343 NW2d 517 (1983).

In *Iacobelli, supra,* this Court noted that there is a valid distinction between an intentional act and an intentional injury, *Iacobelli, supra,* p 264. In *Iacobelli,* Wayne and Alta Stoddard sued plaintiff in district court, alleging that plaintiff entered upon their property with knowledge that it was their property and without consent. Plaintiff proceeded to dig up the Stoddards' yard with earthmoving equipment in order to install sanitary sewer lines, and damaged the property. The jury found that plaintiff had deliberately and intentionally trespassed on the Stoddards' land and awarded damages to the Stoddards, *Iacobelli,* pp 258-259.

This Court noted:

> *Under the facts and circumstances of the under-lying trial for this case,* we are persuaded that the factual finding that plaintiff committed an intentional trespass also encompasses the corollary finding that plaintiff intended the injury. We have no difficulty in concluding that, in this case, the act of bringing earthmoving equipment onto Stoddard's property and proceeding to dig up Stoddard's yard to install sanitary sewer lines was such that injury must have been anticipated and indeed intended; it was thus outside the scope of the insurance policy. [130 Mich App 264. Emphasis added.]

While the facts of the case now before this panel are similar to those presented in *Iacobelli,* that case is distinguishable. The *Iacobelli* panel recognized that each case must be decided on its particular facts; there is not, for example, a blanket rule that all trespassory sewer construction is deemed to encompass an intent to injure. In this case, we are not faced with the problem of interpreting a jury's verdict. The trial court specifically found that Burch had no intent to injure the Turners' property, and that finding was not clearly erroneous. See MCR 2.613(C). Because Burch honestly believed that he had a right to construct the culvert and ditch, and because he did so legitimately believing that he was improving the property, appellant's contention that the alleged injuries were outside of the scope of policy must be rejected.

Second, Hawkeye argues that the property damage did not occur during the course of Burch's excavating business. We disagree. The trial court found that Burch was doing business as Burch Excavating Company when he did the work constituting the drainage improvements. This finding

was not clearly erroneous, MCR 2.613(C). Since this argument is merely an attempt to argue anew the facts already decided in the trial court, it must be rejected.

Affirmed.